Boeger v. Langenberg.

## BOEGER, *Appellant*, v. LANGENBERG *et al.*

1. **Malicious Prosecution :** SEARCH-WARRANT. An action will lie for causing the issuance of a search-warrant maliciously and without probable cause. To sustain it, the plaintiff must establish, among other things, want of probable cause on the part of defendant with reference to the action actually taken by the latter in the matter complained of.

2. ——— : ———. A person making complaint to a magistrate is not necessarily answerable for whatever judicial action the magistrate, of his own motion, may take in the premises. If the magistrate misconceives the proper remedy, without the suggestion or intervention of the complainant in that particular, the latter is not liable for such error. The complainant is responsible for the complaint he actually makes and for such action thereon as may be lawful and proper in view of it.

3. ——— : ———. The fact that a complainant not only made affidavit of facts before a justice of the peace, but wrote out the warrant ready for his signature tends to show his participation in the issuance of the warrant.

4. **False Imprisonment:** EVIDENCE. Evidence tending to show that the plaintiff was restrained of his liberty at defendants' instance by reason of process which a magistrate had no right to issue in the premises, is sufficient to sustain an action for false imprisonment. Neither malice nor want of probable cause need be proved to support it.

5. **Search-Warrant:** ARREST. Under the present law, a search-warrant properly should not contain a clause of arrest.

6. ——— : ———. The proper function of a search-warrant is to cause a search to be made by an officer, at a particular place, for personal property stolen or embezzled, and to secure the production of the property, if found, before the magistrate.

7. ——— : ———. If the facts stated in the sworn application for the search-warrant, also, constitute a charge of crime, the magistrate may issue a separate warrant of arrest, though in that event the insertion of such order in the search-warrant would be a mere irregularity not vitally affecting the legality of the process.

8. ———— : ————.  The facts stated in the preliminary affidavit in this case held wholly insufficient to justify the arrest of plaintiff.

9. **Probable Cause.**  Probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation.

10. ————: DISMISSAL.  A dismissal by the prosecuting attorney, against the objection of the complainants, of an illegal warrant of arrest does not raise any inference of want of probable cause on their part in obtaining it.

11. **Malicious Prosecution** : FALSE IMPRISONMENT : PRACTICE : JUDGMENT.  When the first count of a petition is for malicious prosecution, and the second for false imprisonment, both relating to the issuance of the same search-warrant, with a clause of arrest, there can be but one liability on the same facts, and a recovery on the second would be a bar to a judgment on the first count.

12. ————: ACQUITTAL.  An acquittal does not ttend to establish want of probable cause in moving the prosecution.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED AND REMANDED.

*Louis Hoffman* for appellant.

(1) The court committed error in sustaining the demurrer to the evidence.  Every inference of fact must be drawn against the party asking the demurrer.  And if there is any evidence to support a verdict it is error for the court to take the case away from the jury.  In this case, there was sufficient evidence to support a verdict on each count in the petition.  *Wilson v. The Board of Education,* 63 Mo. 137 ; *Moody v. Deutsch,* 85 Mo. 237 ; *Groll v. Tower,* 85 Mo. 249.  (2) There was sufficient evidence to show both malice and want of probable cause.  (*a*) There was direct proof of malice.

( *b* ) Malice may be inferred from want of probable cause. *Cosperson v. Sproule*, 39 Mo. 39 ; *Moore v. Sanborin*, 42 Mo. 490 ; *Holliday v. Sterling*, 62 Mo. 321. ( *c* ) The direct evidence of Boeger that he bought the shingles in good faith, not knowing that any one claimed them ; his general good character and standing in the community was evidence of " want of probable cause." ( *d* ) The discharge of appellant without trial in the first case, and his acquittal by the jury in the second case, is evidence to their " want of probable cause." *Cosperson v. Sproule*, 39 Mo. 39 ; *Brant v. Higgins*, 10 Mo. 728 ; *Sharp v. Johnson*, 59 Mo. 557 ; *Sappington v. Watson*, 50 Mo. 83 ; *Wetmore v. Melinger*, 14 N. W. Rep. 722 ; *Green v. Cochrane*, 43 Iowa, 544 ; *Burhans v. Sandford*, 19 Wend. 417. ( *e* ) Probable cause is a mixed question of law and fact. *Miller v. Brown*, 3 Mo. 127 ; *Hill v. Palm*, 38 Mo. 13–22. ( 3 ) Although section 2001 of the Revised Statutes does not require a search-warrant to contain an arrest clause, and although the affidavit, information or any of the processes under which Boeger was arrested or prosecuted were defective, the justice of the peace had authority and jurisdiction to issue the warrant, and the prosecuting attorney to file the information. Yet the respondents are liable if they procure the prosecution maliciously and without probable cause. The gist of the action is the scandal, and respondents cannot shield themselves behind defective affidavits, information or process. *Miller v. Brown*, 3 Mo. 127 ; *Stocking v. Howard*, 73 Mo. 25, and authorities cited in opinion ; 2 Greenl. Ev. secs. 449, 452 ; *Gibbs v. Ames*, 119 Mass. 60 ; *Williams v. VanMeter*, 8 Mo. 339. ( 4 ) The whole evidence shows that respondents were the instigators of both prosecutions. They write the affidavit and search-warrant themselves. They read it over and insist that it shall be served. They ask the justice of the peace to send for the prosecuting attorney,

Clark. Langenberg goes to Clark himself. Clark testified that he had no knowledge of the matter, and filed the information on the representation of Meyer and Langenberg. Stoener takes a letter to Meyer informing him that Clark will be out, and to have the case ready for trial. Both Langenberg [and Stoener testify at the trial for the prosecution without being summoned as witnesses.

*L. F. Parker* for respondents.

(1) If the evidence is such that upon a verdict for plaintiff a court below would grant a new trial as against the evidence, then such court should save both parties the expense and trouble of further litigation by sustaining a demurrer to the evidence. Proffatt on Jury Trial, secs. 351–52–54; *Morgan v. Durfee*, 69 Mo. 469. And in passing on such a motion for new trial, and of course also upon such a demurrer, the court below is in much better position to judge of these and all other matters involved in a decision of such questions than is this court, and it has been the universal practice in this court to defer to the opinion of the trial court, where its opinion is based upon such facts and circumstances. *Reid v. Ins. Co.*, 58 Mo. 421. (2) The affidavit, as made by respondents, was insufficient to authorize the issuance of any warrant whatever by the justice, and the warrant issued thereon was wholly insufficient to authorize any act complained of by plaintiff. (3) So far as the third count is concerned, the only evidence to connect defendants with the filing of the information therein referred to is that defendant Langenberg told the prosecuting attorney that they (defendants) owned the boards. Of this there is no dispute.

BARCLAY, J.—The petition states three causes of action. The first is for malicious prosecution, and the second for false imprisonment, both relating to

the issue of the same search-warrant with a clause of arrest. The third is for malicious prosecution of an information against the present plaintiff for receiving stolen goods.

The answer is a general denial.

It appeared at the trial that defendants, in July, 1885, came before a justice of the peace in Gasconade county, and complained that plaintiff had bought some oak shingles or boards of one Jarvis, who had been making them from timber of defendants ; that the boards belonged to them and were on plaintiff's premises, etc. After some conference, the defendants prepared an affidavit and search-warrant by filling up blanks furnished by the justice. They both subscribed the affidavit. The justice then signed the warrant. The affidavit alleged : "That, on or about the twenty-second day of July, 1885, Simon Boeger, or some person unknown had received, taken and carried away from the premises of Langenberg and Stoenner, in Boulware township and county of Gasconade, the following goods and chattels, the property of Langenberg and Stoenner, that is to say, one lot of oak shingles, between five and six hundred, made by Sam Jarvis out of timber belonging to Langenberg and Stoenner for the erection of a dwelling-house on the premises of Langenberg and Stoenner, and that they have reasonable grounds to suspect, and do suspect that they are concealed on, or about the premises of Simon Boeger of the township and county aforesaid."

The search-warrant (after other recitals) commanded the officer to search the plaintiff's premises for the property, and if found to bring the same, and also the plaintiff before some justice of the peace of the county to be dealt with according to law. The warrant was returned executed by searching the premises of plaintiff and finding there the shingles and by bringing the body of plaintiff into court. The justice's docket showed that, a few days later, plaintiff was discharged

from arrest at request of the prosecuting attorney of the county, at the cost of the prosecuting witnesses.

The plaintiff also offered evidence tending to show that the information, on which the third cause of action was predicated, was filed by the prosecuting attorney ; that defendants instigated it, and that upon a trial plaintiff was acquitted by a jury.

The evidence need not be set forth in detail. The material parts not already mentioned will be noted in the progress of this opinion.

At the close of plaintiff's case, the court instructed that plaintiff could not recover on any of his causes of action. Accordingly the jury returned a finding for defendants on each of them. After the denial of his motion for a new trial, plaintiff appealed.

I. An action will lie for causing the issuance of a search-warrant maliciously and without probable cause. To sustain it, the plaintiff must establish ( among other things) want of probable cause on the part of defendant with reference to the action actually taken by the latter in the matter complained of.

But a person making complaint to a magistrate is not necessarily answerable for whatever judicial action the magistrate of his own motion may take in the premises. If the magistrate misconceives the proper remedy, without the suggestion, or intervention of the complainant in that particular, the latter is not liable for such error on the part of the former. The complainant is responsible for the complaint he actually makes and for such action thereon as may be lawful and proper in view of it. In the present case, however, the complainants not only made affidavit of facts before the justice, but assisted in writing out the warrant for his signature. This tended to show their participation in the issue of the warrant, irrespective of the statements in their affidavit. The warrant, in so far as it commanded the arrest of plaintiff, was illegal, the affidavit on which it was founded being

in many respects insufficient to support it.   The circuit court excluded that part of the warrant when offered at the trial, but it should have been admitted as directly tending to sustain the second cause of action, viz., for false imprisonment.

Evidence tending to show that the plaintiff was restrained of his liberty at defendant's instance, by reason of process which the magistrate had no authority to issue in the premises, is sufficient to sustain a count for false imprisonment.   Neither malice nor want of probable cause need to be proved to support such an action.

Under the present law of Missouri, a search-warrant properly should not contain a clause of arrest.   The function of such a warrant is to cause a search to be made by an officer at a particular place for personal property stolen or embezzled and to secure the production of the property, if found, before the magistrate. If the facts stated in the sworn application for it also constitute a charge of crime, the magistrate may issue a separate warrant of arrest, though in that event the insertion of such order in the search-warrant would be a mere irregularity not vitally affecting the legality of the process.   But, in the case at bar, the facts stated in the preliminary affidavit were wholly insufficient to justify the arrest of plaintiff.   Hence there was evidence to go to the jury upon the count for false imprisonment.

The first count (for malicious prosecution) alleged the same facts concerning the procurement of the search-warrant, but the evidence offered did not tend to show any want of probable cause on defendants' part in the premises.

A definition of probable cause sufficiently exact to meet satisfactorily every possible test would be difficult, if not impossible, to furnish.   The complete legal idea expressed by that term is not to be gathered from a mere definition.   But, perhaps, with reference to many practical cases, it may be nearly accurate to say that probable cause consists of a belief in the charge or

Boeger v. Langenberg.

facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation. The plaintiff, in the present case, had the burden of proving, among other facts, under the first count, that the defendants had no probable cause for the charges made by them on which plaintiff was arrested and his premises searched. This he failed to sustain. The discharge of the plaintiff from the arrest was not of itself such evidence on the facts here disclosed.

After the return of a search-warrant issued by a justice, his further proceedings are by law limited to the making of such orders regarding the property as may then appear proper. In this case no such order was made. The action of the justice discharging the plaintiff at the costs of the prosecuting witnesses is referable to the order of arrest, improperly included in the search-warrant. A dismissal by the prosecuting attorney (against the objection of the complainants, as here shown) of an illegal warrant of arrest does not raise any inference of want of probable cause on the part of complainants in obtaining it, though they may be liable for false imprisonment on a proper showing (as already indicated with reference to the second cause of action).

Defendants could be held, in any event, to but one liability on the same facts. A recovery on the second count would be a bar to a judgment on the first count in this case. It is hence unnecessary to state more at length the reasons for our conclusion that no want of probable cause was shown to support the first cause of action. The ruling of the trial court, in its application to that count, was therefore correct.

II. Regarding the third count, the plaintiff showed an acquittal by jury on a trial of an information brought by the prosecuting attorney at defendants' instance against plaintiff. It is claimed that the

acquittal tends to establish want of probable cause in moving that prosecution. This contention is so clearly contrary to the precedents that we dispose of it by merely referring to them. *Williams v. Van Meter*, 8 Mo. 339 ; Townshend on Slander, 709, and cas. cit. ; 2 Greenl. Ev., sec. 455. · The circuit court, therefore, correctly ruled as to the third count.

For the error made in not submitting the second cause of action to the jury, the judgment is reversed and the cause remanded, with directions to re-try that cause of action in accordance with this opinion, and after a finding on that count, to enter the judment that may then be appropriate to that finding and those already made by ,the jury on the first and third counts, which are not disturbed by this decision. The costs of this appeal are adjudged against respondents. All concur.