A. J. MONSON, Respondent, v. J. W. ROUSE, et al., Appellants.

| 86 | 97 |
| 97 | 2501 |

### Kansas City Court of Appeals, December 3, 1900.

1. **Malicious Prosecution: FALSE IMPRISONMENT: LIABILITY: EVIDENCE: COLLECTING DEBT.** Liability for false imprisonment is not confined to the party restraining and confining the plaintiff, but extends to all persons instigating the unlawful seizure and even to those not participating in the seizure, if the illegal restraint is continued by their direction or assistance. And in this case the testimony abundantly tends to show a joint engagement in using a criminal prosecution to collect a debt.

2. ——: ——: **MALICE: PROBABLE CAUSE: INSTRUCTION: HARMLESS ERROR.** Malice and want of probable cause are not necessary ingredients of false imprisonment, though necessary in cases of malicious prosecution; and an instruction requiring the plaintiff to show the arrest was illegal and the prosecution malicious and without probable cause, though abstractly subject to criticism, can not harm the defendant since it simply imposed on the plaintiff an additional and unnecessary burden.

Vol. 86 app—7

3. **False Imprisonment:** PARTICIPATION IN ARREST: INSTRUC-
TIONS. In an action for false imprisonment, instructions relieving
defendant of liability unless he participated in suing out illegal war-
rants, should be properly modified so as to charge the defendant for
all complicity in the continued wrongful imprisonment even though
not active in the original wrongful arrest.

Appeal from the Linn Circuit Court.—*Hon. John P. Butler*,
Judge.

AFFIRMED.

*C. C. Bigger* and *A. A. Bailey* for appellants.

(1) The court erred in giving instructions for plain-
tiff which authorized a finding against defendants, under the
second count of the petition, upon a state of facts which
would have authorized a finding under the first count only.
(2) The court erred in modifying and changing defendants'
instructions, so as to authorize a finding against defendants,
Rouse and Vanosdal, notwithstanding the jury might believe
from the evidence that said defendants did not aid, abet or
procure the issuing of the warrant and the arrest of plain-
tiff thereunder. Lark v. Bande, 4 Mo. App. 186; Stanley v.
Railway, 114 Mo. 606. (2) The court erred in giving in-
structions numbered four and six for plaintiff, defining malice
and how it is proved, because malice is not an element in an
action for false imprisonment. Cooley on Torts, p. 169;
Bishop on Contracts, sec. 205. (3) The court erred in re-
fusing instruction number four, asked by defendants, which
clearly declares the law in this case and is warranted by the
evidence. A person can not be held responsible in dam-
ages for a tort committed by another, of which he knew
nothing at the time of its commission. Stanley v. Railroad,
114 Mo. 606.

*Geo. L. Joyce, B. L. White, H. K. & H. J. West* for respondent.

(1) The fact that they procured his illegal arrest and detention maliciously and without probable cause does not operate to excuse them. The illegal arrest and detention being malicious and without probable cause, the offense is aggravated and plaintiff is entitled to recover punitive, as well as actual, damages. The court committed no error in giving plaintiff's instruction number 2. 12 Am. and Eng. Ency. of Law (2 Ed.), pp. 721, 725, 779, 780. (2) The petition alleges and the evidence shows that the "defendants malicously and with intent to injure and humiliate plaintiff" caused his illegal arrest and detention and that by reason thereof plaintiff was "greatly humiliated and publicly disgraced." Under these circumstances punitive damages as well as damages to reputation are recoverable. Ahern v. Collins, 39 Mo. 150; Fellows v. Goodman, 49 Mo. 62; Walser v. Thies, 56 Mo. 89, 93; 12 Am. and Eng. Ency. of Law (2 Ed.), pp. 779, 780; Fotheringham v. Express Co. (U. S.), 1 L. R. A. 474; Hewlett v. George, 13 L. R. A. 682 (68 Miss. 706).

GILL, J.—The petition in this case contained two counts—one for malicious prosecution and the other for false imprisonment. The first count, however, was practically abandoned at the trial and the cause was submitted to a jury on the second count, resulting in a finding for the plaintiff for $112.50 actual damages and $750 exemplary damages, in all $862.50 against all the defendants and from a judgment accordingly defendants have appealed.

The facts, briefly stated, are these: Plaintiff Monson, who was a farmer and retired merchant residing about twelve miles from Bucklin, Linn county, borrowed $500

through one Craig as agent, giving a deed of trust on certain land, the title of which was reported good. On exchange of the papers Craig gave his check to Monson drawn on a bank at Linneus, and Monson at once went to the Bank of Bucklin and there indorsing the paper procured the cash thereon. The check in due course of mail was forwarded by the Bucklin bank to the Linneus bank, but on presentation, payment was refused and the check protested. The non-payment of the check was in pursuance of orders from Craig, the drawer, who took this course by reason of having learned after the check was given to Monson that transcripts of certain justices' judgments against Monson had been filed in the circuit clerk's office, and had therefore become liens on Monson's land prior to Craig's mortgage.

On the return of the protested check, the defendants, Rouse and Vanosdal, cashier and president respectively of the Bucklin bank, sought Monson and urged him to take up the dishonored check and return the money. Failing in this, these officers then put the matter into the hands of their attorney, defendant Byrd. After repeating the effort to get Monson to pay or secure the money so advanced, the attorney went before a justice of the peace and induced that officer to issue a warrant for the arrest of Monson. The warrant was issued, too, without any information or affidavit as the law required, and charged Monson of conspiring with Craig "to defraud the Bank of Bucklin out of $497 by reason of a false token or check and did obtain the said sum from the Bank of Bucklin by virtue of said false token or check."

Under this warrant the constable arrested Monson, took him to Bucklin and there he was discharged on giving bail. The controversy over the dishonored check was subsequently settled and the so-called criminal proceeding abandoned.

I. It seems clear, and is so conceded in the briefs of

both sides, that this plaintiff was wrongfully arrested and illegally restrained of his liberty. The justice had no right or authority to issue a warrant for the arrest of Monson until there was filed against him a sworn complaint as required by statute, section 2441, Revised Statutes 1899. This was then, according to every definition in the books, a false imprisonment, and the plaintiff is entitled to redress as against somebody. It is also well-settled law that the charge of false imprisonment is not confined to the party who exercises the manual power of seizing, restraining or confining another, but it likewise extends to such other person or persons who may cause, instigate or procure an unlawful seizure, restraint or imprisonment. And even though the injured party may have been arrested without such other person's knowledge or consent, yet if the illegal restraint continue by and with the direction, advice and assistance of such party, then he is liable for a false imprisonment. See title False Imprisonment, 12 Am. and Eng. Ency. of Law (2 Ed.), page 751, and authorities cited.

The evidence now, without contradiction, shows that the defendant Byrd was directly responsible for the unlawful arrest of the plaintiff. It was he that induced the magistrate to issue the warrant and it is equally clear that it was by his immediate direction that the constable executed the same by taking the body of the plaintiff into custody. The only disputed facts involved in this controversy relate to the question as to whether or not the other defendants, Rouse and Vanosdal, should be held as accomplices. In support of the verdict and judgment, holding the latter as parties to the wrong, it is sufficient to say that there was ample evidence to prove that the procuring of the warrant, as well as the illegal arrest, was done under the instigation, advice and direction of said Rouse and Vanosdal; and more than this, that

after plaintiff had been unlawfully arrested said defendants ratified and approved the act, and were parties to the continued imprisonment of the plaintiff. The testimony abundantly shows that all the defendants were jointly engaged in the unlawful act of using a criminal prosecution to collect a debt.

II. As to the instructions given at plaintiff's request, defendants' counsel seems to object in the main that the court injected one or more elements not applicable to an action for false imprisonment—for example, that plaintiff's second instruction required, not only that the arrest was illegal, but that the prosecution was *malicious and without probable cause.* As an abstract proposition the criticism is correct. In order to make a case of false imprisonment, malice and want of probable cause are not necessary ingredients; there may be false imprisonment without the existence of malice and want of probable cause. These are necessary in cases for malicious prosecution, but not in those for false imprisonment.

But this error in the instructions complained of did not in any way prejudice the defense; it could do the defendants no possible harm; the court imposed an additional and unnecessary burden on the plaintiff. What is here said with reference to including malice and want of probable cause in plaintiff's instructions applies likewise to instructions four and six defining malice, etc. It is not contended that the court incorrectly defined these terms, but it is insisted that they are not elements in this character of wrongs. Even conceding this, such instructions were not harmful to the defendants. But it may be answered here, as contended by plaintiff's counsel, that malice and want of probable cause are pertinent on the question of measure of damages. For if the wrongful arrest and imprisonment were attended with

malice, ill will and oppression then such elements may be considered in fixing and determining the extent of punitive damages.

III.  The further objection that the court erred in modifying several of defendants' instructions, we think, is not well taken.  As originally drafted these instructions would exculpate defendants unless they actively participated in the first instance in suing out the illegal warrant.  The court so modified these instructions as to charge defendants for all future complicity in the continued wrongful imprisonment of the plaintiff—even though they or any of them may not have been active in the original wrongful arrest.  This was clearly right.

Other objections have been examined and found without substantial merit.  No prejudicial error having been committed, the judgment of the circuit court will be affirmed. All concur.