JAMES McCASKEY, Respondent, v. J. P. GARRETT, Appellant.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Malicious Prosecution:** FALSE IMPRISONMENT: DISTINC-TION. To make a prosecution malicious it must be conducted under the legal forms of the law with malice and without probable cause, while false imprisonment is any intentional detention without any process whatever or under color of process wholly illegal.

2. **Criminal Procedure:** JUSTICES' COURTS: ISSUE OF WAR-RANT: INFORMATION. A justice of the peace can not issue a warrant for the arrest of the accused until the prosecuting attorney has filed an information, unless he finds the accused is about to escape, or is without a known place of abode, or property likely to restrain him from leaving for the offense charged; and a warrant issued on the mere affidavit of the complaining party and without such finding by the justice is illegal.

3. **Malicious Prosecution:** RESPONSIBILITY OF PROSECUTOR: FALSE IMPRISONMENT. A prosecuting witness making complaint to a magistrate is not necessarily answerable for his judicial action if he misconceives the proper remedy without the suggestion or intervention of the prosecutor, but if he participates in securing the illegal issue of a warrant and the arrest of the accused thereunder, he is liable for false imprisonment and not for malicious prosecution.

4. **Criminal Procedure:** JUSTICES' COURTS: DOCKET ENTRY: ISSUE OF WARRANT. Where a justice issues a warrant on a mere affidavit before the filing of an information the necessity for such action should be evidenced by an entry in his docket or by indorsement on the writ or by some other writing equally efficacious.

5. ———: FALSE IMPRISONMENT: ILLEGAL WARRANT. Defendant filed an affidavit against plaintiff for a criminal offense telling the justice the prosecuting attorney desired a warrant for the plaintiff. There was no information filed; the justice made no finding of the necessity of issuing the writ as required by the statute. Plaintiff was arrested under the writ. *Held*, the writ was

illegal and the remedy was false imprisonment and not malicious prosecution.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig, Judge.*

REVERSED.

*T. C. Dungan* for appellant.

(1) The court erred in overruling the demurrer to plaintiff's petition. Said petition does not contain facts sufficient to constitute a cause of action against defendant. Said petition does not show or allege that defendant caused to be instituted any prosecution against plaintiff before said justice, but simply that "he made and lodged an affidavit" with such justice, and that such justice issued a warrant, etc. R. S. 1899, secs. 2749, 2750, 2752; Drew v. Potter, 39 Vt. —. (2) The court erred in admitting in evidence the affidavit, warrant and return. The affidavit did not charge any offense known to the law, and no information was ever filed by the prosecuting attorney before said justice, nor was there any proof appearing or made before, or at time of issue of warrant, to satisfy the justice that the accused was about to escape, or that accused had no known place of permanent residence, or property in said Holt county, likely to restrain said accused from leaving for the offense charged; and the justice had no jurisdiction or authority to receive and file said affidavit, or to issue said warrant, but on the contrary the evidence clearly shows by both the docket entries and testimony of the justice, that none of the facts existed which authorized the issuance of said warrant. That no prosecution was at any time instituted against the plaintiff, by defendant, or any other person. R. S. 1899, secs. 2749, 2750 and 2752; State v. Keem, 79 Mo. 515, and cases cited; State v. Briscoe, 80 Mo. 643; State v. Russell, 88 Mo. 649; State v. Ransberger, 106 Mo. 141.

(3) The court erred in refusing the instruction asked by defendant in the nature of a demurrer to the evidence at the close of plaintiff's testimony in chief. Miller v. Milligan, 48 Barb. —; Jacks v. Stimpson, 13 Ill. 701; Richey v. McBean, 17 Ill. 65; Hurd v. Shaw, 20 Ill. 356; Cooper v. Utterback, 37 Md. 318; Stansberry v. Fogle, 37 Md. 381; Cecil v. Clark, 17 Md. 508; Metcalf v. Ins. Co., 45 Md. 205; Thein v. Dorsey, 15 Rep. (Ind.) 789; Smith v. Austin, 15 Rep. (Mich.) 112.

*S. F. O'Fallon* for respondent.

(1) The court properly overruled the demurrer to plaintiff's petition. The petition alleges every fact necessary to be stated in an action for malicious prosecution. It states that said defendant made the affidavit charging a forcible entry and detainer, and caused and procured the arrest of plaintiff; that he did it falsely and maliciously, and without probable cause, and that the prosecution was determined by the discharge and acquittal of plaintiff. The petition is substantially the same as approved by the Supreme Court. Sharpe v. Johnston, 59 Mo. 557; 14 Am. and Eng. Ency. of Law (1 Ed.) page 42; Brown v. Cape Girardeau, 90 Mo. 377; Ruston v. Bidde, 43 Ind. 515. (2) It is no defense to an action for malicious prosecution, that the affidavit made by the prosecutor was insufficient in law to authorize the arrest and prosecution which followed. The wrong done plaintiff is not in the charge alone, but more in the object and purpose to be gained, and in the intention and motive of defendant in making the complaint and procuring the arrest. If the magistrate misconceives his duty without the suggestion or intervention of complainant, he might not be liable, but in a case like this, where the defendant by misrepresentation and deception procured the issuance of the warrant, it is immaterial whether the acts of the magistrate were legal or illegal, the defendant will be liable in any case. Void process procured through

malice and without probable cause would subject another to the same disgrace, shame and expense as legal process. Stocking v. Howard, 73 Mo. 25; Best v. Hoeffner, 39 Mo. App. 682; Bell v. Keepers, 37 Kan. 64; Boeger v. Langenberg, 97 Mo. 390; 2 Greenleaf on Evidence, sec. 449; Gibbs v. Ames, 119 Mass. 60. (3) The court properly instructed the jury that they must find that the arrest was malicious and without probable cause. To constitute probable cause the facts and circumstances must be such as to convince the mind of a reasonable and cautious man that the party has committed a criminal offense. Holliday v. Sterling, 62 Mo. 321; Moody v. Deutsch, 85 Mo. 237; Boogher v. Hough, 99 Mo. 183; Sharpe v. Johnston, 59 Mo. 557; Christian v. Hanna, 58 Mo. App. 37; McGarry v. Railroad, 36 Mo. App. 340; Sharpe v. Johnston, 76 Mo. 660; Sweeney v. Penny, 40 Kan. 102; Shaul v. Brown, 28 Iowa 37; Johnson v. Miller, 69 Iowa 562; Davis v. Baker, 88 Ill. App. 251; 14 Am. and Eng. Ency. of Law (1 Ed.), 46; 13 Ency. of Pleading and Practice, pp. 464-473.

BROADDUS, J.—This is a suit for malicious prosecution. The allegations of the petition are that the defendant for the purpose of injuring the plaintiff in his good name, fame, credit and character, and to bring him into public scandal, infamy and disgrace, and to cause him to be arrested and imprisoned, and thereby to impoverish, oppress and wholly ruin him, on or about the eleventh day of January, 1899, made and caused to be made, and lodged a certain affidavit or information in a justice's court, before John H. Steel, who was then and there duly elected, qualified and acting justice of the peace, within and for the township of Benton, county of Holt, in the State of Missouri—a court having jurisdiction to determine the offense therein complained of— wherein the defendant, falsely and maliciously and without probable cause whatever, charged and caused the plaintiff to be charged with the crime of forcible entry and detainer, to-

wit: "Now on this, the eleventh day of January, 1899, comes J. P. Garrett and files his affidavit, charging that on the ninth day of January, 1899, James McCaskey and William· Hurt at said county of Holt did unlawfully, forcibly and violently, and without the authority of law, enter into and take and keep possession of a certain one and one-half story frame dwelling-house, situated on the east half of the southeast quarter of section . . . . , range 38, township 61, in said county of Holt, State of Missouri."

The petition alleged that said affidavit was sworn to before said justice, whereupon said justice issued a warrant for plaintiff's arrest; that defendant under and by virtue of said warrant on the eleventh day of January, 1899, wrongfully and unjustly and without probable cause, caused plaintiff to be arrested and imprisoned and carried before said justice to be tried, etc. The petition then sets out plaintiff's trial and discharge before the justice and his damages.

The evidence is to the effect that when the affidavit was filed by the defendant with the justice he caused a warrant to be issued for plaintiff's arrest. He was arrested by the constable and gave bond for his appearance before the court to stand his trial on the seventeenth day of January. He appeared on said date, but as the prosecuting attorney did not appear and file information he was discharged. There is no entry upon the justice's record book, or evidence *aliunde* that the justice was satisfied that the accused was about to escape, or had no known place of permanent residence or property in the county likely to restrain him from leaving on account of the offense charged, as provided in section 2750, Revised Statutes 1899.

The case was tried upon the theory that it was a case of malicious prosecution without probable cause. Upon the evidence and instruction the finding was for the plaintiff and judgment rendered against defendant for $200, from which finding and judgment he appealed. The defendant claims

that at the close of plaintiff's case the court committed error in failing and refusing to sustain defendant's instruction, viz.: that under the pleading and evidence the jury should find for him.

Under the evidence this is not a case of malicious prosecution without probable cause, but rather one of false imprisonment. We have found nothing in the record before us indicating that the case was tried under any theory, but that it was one for malicious prosecution. It takes much more to constitute a case of malicious prosecution without probable cause than one for false imprisonment. In the first instance it must be shown that the prosecution was conducted under the legal forms of the law, with malice and without probable cause. In cases for false imprisonment, it is only necessary to show "any intentional detention of the person of another not authorized by law. It is any illegal imprisonment without any process whatever, or under color of process wholly illegal, without regard to the question whether any crime has been committed, or a debt due." Bouvier's Law Dictionary; Boeger v. Langenburg, 97 Mo. 390.

Section 2750 of the Revised Statutes, supra, under which the affidavit was filed, did not authorize the issuance of the warrant for the plaintiff's arrest, unless the justice with whom the affidavit was filed was satisfied that the said accused was about to escape, or had no known place of permanent residence or property in the county likely to restrain him from leaving for the offense charged; and the same was therefore an illegal process. The justice issued it, he says, at the instance of the defendant, who represented to him that the prosecuting attorney, Mr. Blair, wanted it issued.

A person making complaint to a magistrate is not necessarily answerable for whatever judicial action the magistrate may of his own motion take in the premises. If the magistrate misconceives the proper remedy, without the suggestion or intervention of the complainant in that particular, the lat-

ter is not liable for such error. The complainant is responsible for the complaint he actually makes and for such action thereon as may be lawful and proper in view of it. Boeger v. Langenberg, supra. As has been said, the magistrate issued the warrant upon the statement of the defendant that the prosecuting attorney, Mr. Blair, desired him to do so. Mr. Blair says in his evidence that in his statement to the defendant he did not direct or desire that the warrant for the plaintiff be issued. If, therefore, the defendant participated in having the warrant issued, he became liable for the arrest of plaintiff thereunder for false imprisonment and not for malicious prosecution.

Section 2750, supra, was enacted for the purpose of preventing vexatious and unnecessary expensive arrests. It is only in certain cases that the justice is authorized to issue a warrant for the arrest of a defendant before the prosecuting attorney has filed an information. This is a wise and mandatory provision of the law, and in our opinion the necessity arising for the issuing of a warrant for the arrest of a defendant before the filing of the information by the prosecuting attorney ought to be evidenced either by an entry on the justice's docket, or by indorsement on the writ, or by some other writing equally efficacious.

The statute in question not having been complied with, the warrant issued at the instance of defendant being illegal, the arrest and detention of plaintiff thereunder did not constitute malicious prosecution. It, therefore, follows that the defendant's demurrer to plaintiff's case should have been sustained. It may not be improper to say that both sides tried the case upon the theory that the facts constituted a case for malicious prosecution or nothing. It was presented upon the same theory in this court. Perhaps had the distinction been called to the attention of the learned judge who tried this case, the necessity for this appeal would have been obviated.

Cause reversed. All concur.