CAROLINE BRUECKNER, Respondent, v. CHAS. A. FREDERICK, Appellant.

Kansas City Court of Appeals, May 16 and November 28, 1904.

1. **FALSE IMPRISONMENT: Statutory Construction: Duty of Justice.** Under sections 2749 and 2750 Revised Statutes 1899, a warrant for the arrest of the accused should not issue nor arrest be made before the public prosecutor files an information unless the justice is satisfied that the accused is about to escape, or is without permanent residence or property likely to restrain him from leaving the county.

2. ———: **Liability for: Action of Justice: Malicious Prosecution: Good Faith.** A person making complaint is not necessarily answerable for the judicial action the justice may take thereunder, however mistaken and erroneous such action may be; and this is so even in cases of malicious prosecution if the complainant acts in good faith and states the facts to the officer.

3. ———: **Justice's Docket: Collateral Attack.** In the orderly administration of the justice the facts authorizing an arrest of the accused should appear on the record of the justice's docket, but an action for false imprisonment cannot be based upon the omission of the officer, which the complainant can in no wise control, but must be bottomed on some wrongful action of the complainant. McCaskey v. Garrett, 91 Mo. App. 354, distinguished.

### (On Rehearing.)

4. **FALSE IMPRISONMENT: Premature Arrest: Action of Complainant: Liability.** Where a complainant not only files his complaint with the justice, but in addition thereto moves the justice to issue the warrant at once, assigning therefor an insufficient reason, he becomes liable for the arrest of the accused.

Appeal from Cooper Circuit Court.—*Hon. Jno. E. Hazell,* Judge.

AFFIRMED.

*J. F. Rutherford, C. D. Corum, W. G. & G. T. Pendleton* for appellant.

(1)    The justice had authority to issue the warrant before the filing of the information if satisfied that

the accused was about to escape, or had no known place of permanent residence or property in the county likely to restrain her from leaving for the offense. R. S. 1899, sec. 2750. (2) The presumption is the justice acted under and within his authority, and it devolved upon the plaintiff to prove the contrary. It was competent to show this fact by the justice's record. McCaskey v. Garrett, 91 Mo. App. 358. The plaintiff neither offered the justice's record nor any evidence *aliunde* on this point. The defendant's demurrer should, therefore, have been given. (3) Defendant should have been permitted to prove, as he offered to do, that the plaintiff had in fact committed the misdemeanor for which she was arrested. Although irregularly and improperly arrested, if she committed the criminal offense for which the arrest was made by the constable, the defendant had a right to show that fact in exculpation of himself for any participation in the arrest. Taaffe v. Slevin, 11 Mo. App. 507. (4) There was a total absence of evidence that defendant instigated the issue of the warrant or the arrest, or that he counseled, aided, abetted or ratified the same. The case was submitted to the jury on the theory that the mere act of Pendleton in instigating the issue of the warrant made the defendant liable if Pendleton was the defendant's attorney. This was the view of the court and of the plaintiff as shown by the instructions. 12 Am. and Eng. Ency. of Law (2 Ed.), 776. (5) The principal, in the absence of his express participation, is liable for false imprisonment done or occasioned by his agent, only when the act is committed by the agent while acting within the real or apparent scope of the authority conferred. Knowles v. Bullene & Co., 71 Mo. App. 341. (6) The burden is upon the plaintiff to show that the act done was expressly authorized or within the scope of the agent's authority. Goff v. Railroad, 3 El. & El. 672, 107 E. C. L. 672; Roe v. Railroad, 7 Exc. 364. (7) The principal is not liable for the act

of. his agent which he could not lawfully do himself
if present.    Mali v. Lord, 39 N. Y. 381; Knowles v.
Bullene & Co., 71 Mo. App. 350; Cameron v. Express
Co., 48 Mo. App. 99; Neimitz v. Conrad, 22 Ore. 164;
Monson v. Rouse, 86 Mo. App. 97.

*John Cosgrove* for respondent.

(1)    In the circumstances developed by the evi-
dence, the justice had no authority to issue the warrant
for respondent's arrest until an information had first
been filed by the prosecuting attorney. R. S. 1899, sec.
2750; McCaskey v. Garrett, 91 Mo. App. 354.    (2)
Courts of justices of the peace have only such authority
as is conferred by the statute, and facts conferring such
jurisdiction must affirmatively appear on the face of
their proceedings.    Bank v. Doak, 75 Mo. App. 332.
(3)    There is no presumption of law or fact that a
justice of the peace acts within the scope of his author-
ity.  No such presumption can be indulged in in favor
of the acts of inferior courts, whose jurisdiction is de-
fined by statute.    State ex rel. v. County Court, 65 Mo.
App. 96; Ex parte O'Brien, 127 Mo. 477.    (4) If the
justice made an entry on his docket that he was satisfied
"that the accused (respondent) is about to escape, or
has no known place of permanent residence, or prop-
erty, in the county likely to restrain him (her) from
leaving for the offense charged, etc.," as provided by
section 2750, Revised Statutes 1899, this was a fact,
had it been true, that should have been specially
pleaded in justification.  It could not have been shown
under the answer in this case.    Thomas v. Werremeyer,
34 Mo. App. 665; Sloan v. Speaker, 63 Mo. App. 321.
(5)    The effort of one of appellant's attorneys, in the
brief in this case, and in his evidence in the trial court,
to assume responsibility of the unlawful arrest of re-
spondent, does not relieve appellant of responsibility.
Appellant is liable, and could have been sued separately

as was done, or respondent could have sued both appellant and his attorney also. Thomas v. Werremeyer, 34 Mo. App. 680.

ELLISON, J.—The plaintiff's action is for false imprisonment and she prevailed in the trial court.

It is provided by article 12, chapter 16, Revised Statutes 1899, that proceedings in misdemeanors may be instituted before justices of the peace, if by private person, on his complaint and the information of the prosecuting attorney. By the terms of section 2749 of that article any person having actual knowledge that an offense has been committed may make a complaint, verified by his oath, setting forth the offense and file the same with the prosecuting attorney, or a justice of the peace. And it is enacted by section 2750 of such statue that if the private person, himself, files the complaint with the justice, the accused shall not be put upon trial or required to answer the charge until the prosecuting attorney files his information based on such complaint; provided, however, "that complaints subscribed and sworn to by any person competent to testify against the accused may be filed with any justice of the peace, and if the justice be satisfied that the accused is about to escape, or has no known place of permanent residence or property in the county likely to restrain him from leaving for the offense charged, he shall immediately issue his warrant and have the accused arrested and held until the prosecuting attorney shall have time to file an information."

The first part of the section would bear the construction that the accused might in any case be arrested after complaint is made and before the prosecutor acts. But the whole considered, it means that a warrant shall not issue, nor the party be arrested, before the prosecutor files an information, unless the justice is satisfied that he is about to escape; or that he has no known or permanent place of residence or property in the

county likely to restrain him from leaving.    In the
present instance it appears that defendant consulted
his attorney in relation to a charge of malicious tres-
pass, in cutting his fence.    That the attorney wrote out
a complaint charging plaintiff with malicious trespass,
and he and defendant then went to an office of a justice
of the peace in the city of Boonville and there the de-
fendant signed and swore to the complaint.    The at-
torney, in defendant's presence and hearing, asked the
justice to issue a warrant (under the complaint) for
plaintiff's arrest, as she was then "in town and it
would save the constable a trip of eight miles into the
country."    The justice thereupon issued a warrant and
plaintiff was arrested by the constable and detained
perhaps one hour, when she gave bond.

On these facts we have concluded that the defend-
ant is not liable to the action for false imprisonment.
A person making complaint to a justice of the peace
is not necessarily answerable for whatever judicial ac-
tion the justice may take.    [Boeger v. Langenberg, 97
Mo. 390; Monson v. Rouse, 86 Mo. App. 97.]    Where a
person in good faith lays his complaint before a justice
of the peace and calls upon him to act and the justice
concludes to issue a warrant, the complainant can not
be made answerable to the accused however mistakenly
or erroneously the justice may have acted.    [Brown v.
Chapman, 60 E. C. L. 365; Williams v. Smith, 108 E. C.
L. 596; West v. Smallwood, 3 M. & W. 418; Marks v.
Townsend, 97 N. Y. 590; Swart v. Rickard, 148 N. Y.
264; Langford v. Railroad, 144 Mass. 431; Murphy v.
Walters, 34 Mich. 180; Marks v. Sullivan, 9 Utah 12;
Gifford v. Wiggins, 50 Minn. 401; Landt v. Hilts, 19
Barb. 283; Barker v. Stetson, 7 Gray 53.]

The defendant in this case properly charged against
the plaintiff the commission of a misdemeanor and filed
it with the justice.    Whether the justice would issue a
warrant before the prosecuting attorney filed an in-
formation was a matter which the statute left to his

consideration. That official concluded that as the accused was near by and was about to depart for her home, some eight miles away, he would issue the warrant without waiting for the filing of the information. It is true his action was not justified by the meaning of the statue, but that is of no consequence.

In West v. Smallwood, supra, Lord ABINGER said: "Where a magistrate has a general jurisdiction over the subject-matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action upon the case, as if he had acted maliciously." BOLLAND, B. was of same opinion. He said: "In the case of an act act done by a magistrate, the complainant does no more than lay before a court of competent jurisdiction the grounds on which he seeks redress, and the magistrate, erroneously thinking that he has authority, grants a warrant," in which case the complainant is not liable for false imprisonment. The case of Marks v. Townsend, supra, was where a party had been illegally arrested the second time for same offense contrary to a New York statute. The court held that though on application for the warrant, it had been disclosed to the justice that it was a second arrest, and he had erroneously decided that the complainant was nevertheless entitled to a warrant, yet an action for false imprisonment would not lie. "The remedy of the party unjustly arrested or imprisoned is by recovery of costs which may be awarded to him . . . or by an action for malicious prosecution, in case the prosecution against him has been from unworthy motives and without probable cause." And even in malicious prosecution if the complainant acts in good faith and states the facts to the officer, he is not responsible for the

mistake or the advice of such officer.    [Warren v. Flood, 72 Mo. App. 199, 205.]

Plaintiff argues that even though the justice had been satisfied that the accused was about to escape, or had no known place of permanent residence or property in the county likely to restrain him from leaving, as is contemplated by section 2750, yet his docket or other record should show that fact.   And that is true. In the orderly administration of justice those facts should appear of record so as to support the regularity of the proceedings against the accused; and so it was stated in McCaskey v. Garrett, 91 Mo. App. 354.   But this is a collateral action, and it must find its support in some wrongful act of the party who sought the warrant.   It can not be based upon an act or omission in the line of duty of the officer, which such party could in no wise control.   It would be both unjust and against the trend of all the foregoing authorities, to hold a complainant responsible for an omission of the justice pertaining to his own duty.

There is no conflict between the views herein expressed and the McCaskey case.   That was a case which had been tried on the theory of malicious prosecution, whereas, as therein shown, it was, if anything, a case for false imprisonment.   There the complainant, according to the evidence, did not act in good faith, at least he did not state the facts to the justice.   He represented that the prosecuting attorney sent word by him to the justice for the warrant to issue, whereas the prosecutor had not done so.   The justice was, therefore, deceived and misled by the complainant into doing the unauthorized act.   But in this case the defendant's attorney in defendant's presence stated the facts to the justice in good faith, literally as they existed; and if the justice mistakenly supposed such facts authorized the issuance of the warrant, neither the complainant nor his attorney can be held for such error.   [Authorities supra.]

The demurrer offered by counsel should have been given and judgment should have been entered for the defendant. It is therefore reversed. All concur.

OPINION ON REHEARING.

ELLISON, J.—A rehearing was granted in this cause. Further consideration has shown that the judgment should be affirmed. We have concluded that liability attached to defendant by reason of his interference beyond merely putting the case before the justice. Defendant went with his attorney to the justice. The attorney testified that he, in defendant's presence, "asked the justice to issue the warrant at once and give it to the constable who was present, for the reason that Mrs. Brueckner was in town and he (the constable) could save himself a trip eight miles in the country, and the justice issued the warrant at my request, and not at Mr. Frederick's (defendant) and he had nothing to do with it."

Under the authorities in this State and elsewhere, as shown in plaintiff's brief, this was a sufficient affirmative taking part to place liability on the defendant. [Boeger v. Langenberg, 97 Mo. 396.]

It will be noticed that the attorney thus testifying states that he, and not the defendant, asked the justice to issue the warrant. But his request was made in defendant's presence and it elicited no protest from him. In such circumstances the request of the attorney was the request of the defendant himself. [Guilleaume v. Rowe, 94 N. Y. 268; 2 Addison on Torts, 41.]

The judgment is affirmed. All concur.