763 F.2d 236
 Albert B. FRIEDMAN, individually and as representative of a
class of persons similarly situated, Plaintiff-Appellant,
v.
VILLAGE OF SKOKIE, and Skokie Park District, municipal
corporations, individually and as representatives of a
class, Michael Carter, Frank Gall, Kenneth Solicki and
Unknown Pinball Owners, Defendants-Appellees.
 Nos. 82-3111, 83-2173.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 1, 1984.
Decided May 15, 1985.
 
 1
 Albert Brooks Friedman, Chicago, Ill., pro se.
 
 
 2
 Francis D. Morrissey, Richard H. Donohue, Gerald L. Maatman, Jr., Baker & McKenzie, William W. Kurnik, Kurnik & Cipolla, Ltd., Park Ridge, Ill., for defendants-appellees.
 
 
 3
 Before WOOD, Circuit Judge, PELL, Senior Circuit Judge, and GRANT, Senior District Judge.*
 
 
 4
 GRANT, Senior District Judge.
 
 
 5
 Appellant, Albert B. Friedman, appeals from the district court's opinion granting defendants' Motion to Dismiss Counts II, III, IV and part of Count I of his complaint and granting summary judgment to the defendants on the part of Count I that was not dismissed. For the reasons set forth below, we AFFIRM the district court's judgment.
 
 Jurisdiction
 
 6
 This Court has exercised its discretion to recall its earlier dismissal of this appeal "with prejudice" in order to prevent injustice. American Iron & Steel Inst. v. E.P.A., 560 F.2d 589 (3d Cir.1977).
 
 Facts
 
 7
 On September 13, 1981, Friedman, a practicing trial attorney, took his son and daughter to the Skatium in Skokie, Illinois. The Skatium is a public ice-skating facility operated by the Skokie Park District. While Friedman's daughter skated, Friedman and his son played a coin operated video game, "Pac Man," in the Skatium's game room. Friedman put two quarters in the Pac Man game. When the game failed to work, Friedman pressed the coin return button. Friedman realized that both the coin return button and return slot had been welded closed. Friedman began kicking and shaking the Pac Man game.
 
 
 8
 Friedman made so much noise that a young patron summoned the Skatium's manager, Appellee Michael Carter. The noise also attracted the attention of 20 to 30 people who looked on from the Skatium's lobby.
 
 
 9
 Friedman told the manager that he had lost 50 cents in the machine and asked for a refund. The manager pointed to a sign on the wall that read: "Absolutely no refunds. Play at your own risk." Friedman told the manager that if he didn't get a refund he would continue to kick the machine. Friedman began to kick the machine. The manager threatened to call the police. Friedman continued to kick and tilt the machine, and the manager called the Skokie Police Department.
 
 
 10
 Appellants, Skokie Police Officers Gall and Solicki, arrived and spoke to the manager. Gall and Solicki told Friedman to leave the Skatium. When Friedman refused, the officers arrested him, handcuffed him and put him in a squad car. The officers later charged Friedman with disorderly conduct. The police kept Friedman in custody for one and one-half hours.
 
 
 11
 On January 14, 1982, Friedman was tried on the criminal charges in the Circuit Court of Cook County, Municipal Division, Second Circuit. Judge Alan Lane granted a motion for a directed verdict for Friedman at the close of the state's case.
 
 
 12
 Friedman filed a four-count complaint in the United States District Court for the Northern District of Illinois, alleging violation of his civil rights and false arrest and prosecution, which he subsequently amended. The court dismissed the Amended Complaint for failure to state a claim. Friedman then filed a Second Amended Complaint. The four counts of the Second Amended Complaint alleged:
 
 
 13
 Count I: That officers Gall and Solicki unlawfully arrested Friedman without probable cause, denied him liberty without due process, abridged his freedom of speech, and subjected him to cruel and unusual punishment, all in violation of the first, fourth, fifth, eighth and fourteenth amendments to the United States Constitution and 42 U.S.C. Secs. 1981 and 1983;
 
 
 14
 Count II: That the Skokie Park District, officers Gall and Solicki, and Skatium manager Michael Carter conspired to give false testimony at Friedman's trial for disorderly conduct so as to defeat Friedman's claim for false arrest, in violation of 42 U.S.C. Secs. 1985(1) and (2);
 
 
 15
 Count III: That the Skokie Park District deprived Friedman of his property in violation of the fifth and fourteenth amendments to the United States Constitution and 42 U.S.C. Secs. 1981 and 1983, and that the Skokie Park District "no refund" policy violated Illinois law; and,
 
 
 16
 Count IV: That Friedman's complaint against the Skokie Park District under the United States Constitution, 42 U.S.C. Secs. 1981 and 1983 and Illinois law is maintainable as a class action suit under Federal Rule of Civil Procedure 23.
 
 
 17
 On September 3, 1982, all defendants moved to dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Officers Gall and Solicki moved alternatively for summary judgment on Count I. Defendants, Skokie Park District and Michael Carter moved alternatively for a summary judgment on Count II.
 
 
 18
 On September 30, 1982, after the defendants' Motion to Dismiss and Motion for Summary Judgment were filed, Friedman sought to amend his Second Amended Complaint by filing an "Errata Sheet." The "Errata Sheet" sought to delete the claims under 42 U.S.C. Secs. 1985(2) and 1983 in Count II and to add first amendment claims to Counts III and IV.
 
 
 19
 On November 30, 1982, the district court dismissed Counts II, III and IV and the Sec. 1981 claims in Count I. The court granted Gall and Solicki summary judgment on the remaining claims in Count I. Friedman now appeals.
 
 
 20
 I. Whether the district court properly dismissed Counts II, III and IV and the Sec. 1981 claims in Count I?
 
 
 21
 A) Claims under 42 U.S.C. Secs. 1981 and 1985(2) in Counts I, II, III and IV.
 
 
 22
 The district court properly dismissed all of Friedman's claims under 42 U.S.C. Secs. 1981 and 1985(2). Friedman has not alleged the type of racial or other class based discrimination that those sections are intended to prohibit. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968). Furthermore, Friedman's Sec. 1985(1) applies only to a conspiracy to lawfully affect the official duties of a federal official. No such conspiracy is alleged in Friedman's complaint.
 
 
 23
 B) Claims under 42 U.S.C. Sec. 1983 in Count II.
 
 
 24
 Count II alleges that the Skokie Park District, Officers Gall and Solicki and Skatium Manager Michael Carter conspired to give false testimony at his trial for malicious prosecution in violation of 42 U.S.C. Secs. 1985(1) and (2). Friedman claims that he amended Count II of his complaint to include claims under 42 U.S.C. Sec. 1983 by way of his errata sheet. Friedman may not save his faulty claim in this manner. Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity. Inland Cities Exp., Inc. v. Diamond Nat. Corp., 524 F.2d 753, 755 (9th Cir.1975); Fed.R.Civ.P. 15(a).
 
 
 25
 Even if Friedman were to so amend Count II, the common law tort of malicious prosecution does not give rise to a federal constitutional wrong remedied by 42 U.S.C. Sec. 1983. See Beker Phosphate Corporation v. Muirhead, 581 F.2d 1187, 1189 (5th Cir.1978); Lindley v. Amoco Production Co., 639 F.2d 671, 673 (10th Cir.1981). Parties who have suffered tortious injury are not entitled to Sec. 1983 relief merely because of the fact that the defendant is a government official. Jackson v. Byrne, 738 F.2d 1443, 1445 (7th Cir.1984). State tort law is available to Friedman and furnishes adequate remedies in this case.
 
 
 26
 C) Friedman's first amendment claims.
 
 
 27
 Friedman does not cite, nor has this Court found, any authority for the proposition that the first amendment to the United States Constitution protects his right to kick and rock a video game to retrieve fifty cents. Because Friedman's actions were not constitutionally protected, we conclude that neither the Skatium's no-refund policy nor Friedman's arrest infringed in any way Friedman's first amendment rights. The first amendment claims in Counts III and IV were properly dismissed.
 
 
 28
 D) Friedman's due process claims.
 
 
 29
 Friedman alleged that the Skokie Skatium's no-refund policy violated the due process clause of the fourteenth amendment to the United States Constitution. Specifically, Friedman claims that the policy deprived him of his property without due process of law and deprived him of his liberty for his protest of the property deprivation.
 
 
 30
 To make a fourteenth amendment claim, Friedman must show that he had a "legitimate right to entitlement" to a refund of his fifty cents. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Friedman cannot point to any state or municipal law upon which to legitimize his claim. The fourteenth amendment does not protect Friedman's mere expectation of a refund. Furthermore, a plaintiff making a due process challenge to an economic rule or practice has the burden of showing that the rule or practice is arbitrary or irrational. Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). Friedman's complaint makes no reference to facts that would support a showing that the policy was arbitrary or irrational. Accordingly, Friedman's fourteenth amendment claim was properly dismissed.
 
 
 31
 II. Whether the district court properly granted summary judgment to Gall and Solicki on Friedman's Sec. 1983 claim in Count I?
 
 
 32
 Count I alleges a claim for false arrest against Officers Gall and Solicki. The existence of probable cause is an absolute bar to Friedman's claim for false arrest. Terket v. Lund, 623 F.2d 29, 31 (7th Cir.1980). In support of their motion for summary judgment, Gall and Solicki offered testimony from Friedman's criminal trial showing that the officers had probable cause to arrest Friedman for disorderly conduct under Ill.Rev.Stat. ch. 38, Sec. 26-1(a)(1).
 
 
 33
 Friedman presented no evidence to dispute the showing that Friedman's conduct was disorderly. The district court properly granted the motion for summary judgment on Count I of Friedman's complaint because Friedman raised no genuine issue as to whether his conduct was disorderly. Fed.R.Civ.P. 56(c).
 
 Conclusion
 
 34
 For the above reasons, the district court's Memorandum Order is AFFIRMED.
 
 
 35
 PELL, Senior Circuit Judge, dissenting.
 
 
 36
 With all due respect to the other members of the panel, I find this case apparently more troubling than did they or did the district court. I therefore respectfully dissent.
 
 
 37
 I grant that on the surface this might seem a case that had no place in federal court, being a minor dispute between a representative of the municipality and a patron who expressed a grievance more vigorously than perhaps he should have when the municipality declined to refund his fifty cents to him when a malfunctioning game machine which took his money was welded shut so that the coin return could not operate. This seems scarcely the material out of which a federal civil rights case should be made even though I am not in agreement with the majority that "Skokie's no-refund policy [was not] arbitrary and irrational." I am assuming that there was a "no refund" sign posted (although a trial rather than dismissal would have fully developed the actual facts) and having been warned of such policy, Friedman should reasonably have been aware of the risk of no return involved in playing such a machine.
 
 
 38
 The possibly minor dispute did not stop there, however, for before the events of the day had concluded Friedman was handcuffed in the presence of his children and he and the children were taken to the police station where he was held for over an hour pending posting bond, being fingerprinted, and being processed. The complainant, Friedman, is a practicing lawyer in Chicago but as such is not entitled to more civil rights than any other individual but on the other hand he is presumably not a second-class citizen and is not entitled to any lesser rights.
 
 
 39
 At this point I deviate from what happened to observe that it is very difficult to tell exactly what was before the district court. Both a motion to dismiss and a motion for summary judgment were filed and each was in part granted. The district court's order is not entirely clear as to exactly what parts of the complaint were involved with each part of the ruling. It does appear, however, that the defendants put before the district court a transcript of the criminal trial against Friedman, in which trial he was acquitted. Also there was apparently before the district court an affidavit of Friedman and an accompanying affidavit of one Harry Missirlian.
 
 
 40
 Returning to the scene of the action, two policemen, defendants herein, arrived at the facility and on the oral complaint of the manager removed Friedman.
 
 
 41
 The Missirlian affidavit, dated May 6, 1982, states the following:
 
 
 42
 I, HARRY MISSIRLIAN, being first duly sworn on oath deposes and states that:
 
 
 43
 I was present at the Skokie Skatium on the day Albert Friedman was arrested by the Skokie Police. After Mr. Friedman was arrested by two Skokie police officers, he was handcuffed behind his back and moved outside the Skatium. A few moments later the taller blond policeman re-entered the Skatium and had a conversation with the person whom I now know as Michael Carter, the assistant manager. Mr. Carter told the policeman that all he wanted was Mr. Friedman removed from the Skatium at which time the police officer told Mr. Carter that if he did not come to the police station to sign a Complaint, Mr. Friedman would sue the Skatium and Mr. Carter; their subsequent conversation I could not overhear.
 
 
 44
 The district court's memorandum opinion filed November 30, 1982 considered Count II based upon 42 U.S.C. Sec. 1985(2) and disposed of this count on the basis there was no allegation of racial or any class-based discrimination. I will assume to the extent that the complaint was based upon that section of the civil rights statute that the ruling is correct. The district court next disposed of claims under other sections of the Civil Rights Act and dismissed Counts II, III, and IV, and also dismissed the Sec. 1981 claims of Count I.
 
 
 45
 The remainder of the district court's opinion is as follows:
 
 
 46
 The only remaining consideration is whether count I states a claim for which relief may be granted under 42 U.S.C. Sec. 1983. Applying the liberal construction policy enunciated in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the court concludes that, at most, count II (sic) states a claim for relief for a deprivation of liberty without due process through unlawful arrest, false imprisonment and malicious prosecution. In all other respects count I is dismissed.
 
 
 47
 Although count I states a valid cause of action, the court concludes that Gall and Solicki[2] are entitled to summary judgment on that count. As Gall and Solicki argue, if they had probable cause to believe that plaintiff was guilty of disorderly conduct, then they are not liable to plaintiff. Terkett v. Lund, 623 F.2d 29 (7th Cir.1980). In support of their motion for summary judgment, Gall and Solicki rely on the testimony adduced at the state criminal trial concerning the incident underlying this complaint. In response to this motion, plaintiff has not filed any counter affidavits or relevant evidence, but instead has embellished the facts alleged in the complaint in a memorandum filed by his counsel. Such a response is insufficient under Fed.R.Civ.P. 56(e) and, in any event, the court finds that the state court trial transcript establishes that Gail and Solicki had probable cause to arrest plaintiff. Therefore, their motion for summary judgment on count I is granted.
 
 
 48
 Accordingly, the motion to dismiss filed by the District and Carter is granted; the motion to dismiss filed by Gall and Solicki is granted in part and denied in part, and the motion for summary judgment on count I filed by Gall and Solicki is granted.
 
 
 49
 On my understanding of the record, I agree in part with the district court. Count I states a valid cause of action but I disagree otherwise because I do not regard summary judgment as having been appropriate in this case. The district court found that the policemen had probable cause to arrest Friedman and having found probable cause they were not liable to the plaintiff. Countless judicial words and time have been used in analyzing factual situations as to whether probable cause existed. Neither policeman was present when Friedman was shaking the coin machine, a somewhat natural reaction, and whether under the circumstances existing at the time or whether the police were merely engaging in an arrest to protect themselves and the manager from suit, created a genuine material issue of fact as to the existence of probable cause making the granting of summary judgment inappropriate. Friedman's affidavit stated that the policemen told him if he did not leave the premises he would be arrested and upon asking on what grounds they replied they did not know but would think of something. Whether refusal to leave the facility, Friedman having already left the game room at the time the policemen arrived, was in itself probable cause does not seem to be the basis for the granting of summary judgment. I would reverse the district court's dismissal of Count I and remand for further proceedings.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation
 
 
 [2]
 These are the only defendants from whom relief is sought in count II. [The court obviously intended in this footnote to refer to count I here as Gall and Solicki, the two policemen, were the only two defendants in count I; whereas other parties were named as defendants in count II.]