Claudine QUINN, Plaintiff,

v.

Village of Steger Police Officer Joan L. CAIN, J. Gilkison, and private citizens Richard De Francesco, and Michael De Francesco, Defendants.

No. 88 C 6887.

United States District Court, N.D. Illinois, E.D.

May 19, 1989.

---

Standish E. Willis, Chicago, Ill., for plaintiff.

James Rados, Beverly Pause Duffy & O'Malley, Michael W. Tootooian, and Ancel Glink Diamond Murphy & Cope, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Two of the defendants, Village of Steger Police Officers Joan L. Cain and John Gilkison [1] ("police officers") have moved for partial summary judgment on the claims against them. For the reasons set forth below, their motion is granted in part and denied in part.

### I

### Background

This case arises out of a September 5, 1986 automobile accident in the Village of Steger, Illinois. According to the complaint, the following occurred. One of the private defendants, Michael De Francesco, rear-ended the car driven by the plaintiff, Claudine Quinn. Both drivers got out of the car, and De Francesco started yelling racial slurs at Quinn, a black woman. De Francesco's father, Richard De Francesco, the other private defendant, soon arrived on the scene, and he, too, began yelling racial slurs. Shortly after that, the two police officers appeared at the site of the accident. Quinn attempted to give her version of events, but Officer Cain would not listen, and moments later, one or more of the defendants began beating Quinn, without provocation or legal justification. The police officers then falsely arrested Quinn and took her to the Steger police station. The police officers, in order to cover up

---

**1.** The complaint misspells Gilkison's name as "Gickison."

their actions, then fabricated a story that she had committed the offenses of battery, obstructing a peace officer ("obstruction"), and resisting arrest, and charged Quinn with these offenses falsely and without probable cause.

At her bench trial on these charges, the state chose to drop the battery charge against Quinn. *See People v. Quinn*, No. 86 MC6 008562, Circuit Ct. of Cook County (Nov. 17, 1986), Transcript at 5, attached as Exh. D to Police Officers' Local Rule 12(1) statement. Quinn pleaded not guilty, *id.* at 2, and agreed to stipulate to the testimony of Officer Cain, but not to its truthfulness. *See id.* at 4–5; *see also* Quinn's Local Rule 12(m) Statement ¶ 18. She did not otherwise contest the matter. Transcript at 5. Judge Marvin E. Gavin found Quinn guilty of resisting arrest and obstruction,[2] and sentenced her to three months of supervision.

On August 9, 1988, Quinn brought the present four-count complaint against the police officers and the De Francescos. The complaint is, to say the least, somewhat confusing. Count I, labeled "42 U.S.C. § 1983 excessive force claim, false arrest against police defendants," alleges that the police officers violated (a) Quinn's fourteenth amendment right "to be free from summary punishment and deprivation of liberty without due process of law"; (b) her fourteenth amendment right to equal protection of the law; (c) her fourth and fourteenth amendment rights to be free from unreasonable arrest, searches, and seizures; and (d) her thirteenth amendment right to be free from the badges and indicia of slavery. These acts, according to Quinn, violated 42 U.S.C. §§ 1981 and 1983. Count II alleges that the police officers and the De Francescos conspired to violate Quinn's constitutional rights under the fourth, thirteenth, and fourteenth amendments. It is not completely clear, but Quinn presumably is referring to the same violations alleged in Count I. It is also not clear what statutory violation Quinn is claiming. The heading states that Count II is a "§ 1983, § 1985 Conspiracy Claim," while the paragraphs of the count purport to be based on violations of Sections 1981 and 1985, but not 1983. It appears to us that Count II is actually meant to state a claim under Sections 1981 and 1985 only. A Section 1983 claim would be redundant with regard to the police officers, and would not apply to the De Francescos, since they are not state actors. The two remaining counts allege state tort law claims and are not at issue in this motion.

The police officers originally moved to dismiss Counts I and II. In her response to the motion to dismiss, Quinn voluntarily withdrew her thirteenth amendment claim in Count I. The police officers suggest that she meant to withdraw her thirteenth amendment claim in Count II as well, but we are unwilling to assume that she has done so. At any rate, before filing their reply to Quinn's response, the police officers filed a motion for summary judgment in lieu of their previously filed motion to dismiss. The motion seeks summary judgment with respect to Counts I and II, with the exception of the excessive force claim under Section 1983. The officers argue that Quinn's convictions in state court bar her claims for false arrest and conspiracy under Sections 1983 and 1985. We will consider the 1983 claim first.

## II

### 1983 Claim

#### A. *False Arrest*

Under 28 U.S.C. § 1738 (1982), state judicial proceedings "have the same full faith and credit [in federal court] as they have by law or usage in the courts" in the particular state. Thus, a federal court presented with civil rights claims under Section 1983 must give collateral estoppel effect to state court judgments. *Allen v. McCurry*, 449 U.S. 90, 96–101, 101 S.Ct. 411, 416–18, 66 L.Ed.2d 308 (1980); *Farmer v. Lane*, 864 F.2d 473, 476 (7th Cir.1988). As 28 U.S.C. § 1738 suggests, a federal

---

2. Judge Gavin never explicitly said that he found Quinn guilty of the two misdemeanors, *see* Transcript at 5–6, but that was a necessary prerequisite to sentencing, and Quinn admits that she was found guilty of both charges. *See* Quinn's Local Rule 12(m) statement, ¶ 21.

court must apply the state's collateral estoppel rules when determining whether a prior state court judgment bars litigation of a Section 1983 claim. *Haring v. Prosise*, 462 U.S. 306, 314, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983); *Bailey v. Andrews*, 811 F.2d 366, 369 (7th Cir.1987).

■ Under Illinois law as well as under Section 1983, the existence of probable cause acts as an absolute bar to a false arrest or false imprisonment claim. *See Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985); *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir.1980). The officers argue that Quinn's convictions for resisting arrest and obstruction "conclusively establishes probable cause" for her arrest on those charges. *See* Officers' Memorandum in Support of Motion for Summary Judgment ("Memo") at 5. This overstates the collateral estoppel effects of a criminal conviction under Illinois law. The Illinois courts have held that a prior conviction acts only as *prima facie* evidence of the facts upon which the conviction is based. *Bay State Insurance Co. v. Wilson*, 96 Ill.2d 487, 492, 71 Ill.Dec. 726, 728, 451 N.E.2d 880, 882 (1983); *Thornton v. Paul*, 74 Ill.2d 132, 151, 23 Ill.Dec. 541, 549, 384 N.E.2d 335, 343 (1978); *State Farm Fire & Casualty Co. v. Shelton*, 176 Ill.App.3d 858, 862, 126 Ill.Dec. 286, 289, 531 N.E.2d 913, 916 (1st Dist.1988); *see also Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 506 (1987). Quinn's conviction for resisting arrest and obstructing a peace officer is therefore *prima facie* evidence that she actually resisted arrest and obstructed Officer Cain. In many cases, *prima facie* evidence of the crime will not necessarily translate into *prima facie* evidence of probable cause, as one judge in this district seems to suggest. *See Adamson v. Volkmer*, 680 F.Supp. 1191, 1199 (N.D.Ill.1987). Just because a person committed a crime does not mean that the police had probable cause to believe that he did so when they arrested him. However in this case, Quinn's crimes, if they occurred, occurred in the presence of the police officers. Therefore, *prima facie* evidence of the crimes would, if unrebut-

ted, establish that the crimes took place in the presence of the officers, and that they accordingly had probable cause to arrest. *See Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985); *O'Leary v. Luongo*, 692 F.Supp. 893, 902 (N.D.Ill.1988) (Aspen, J.). Because Quinn has not presented rebuttal evidence, summary judgment in the officers' favor is appropriate on the Section 1983 claim, to the extent that claim alleges false arrest or false imprisonment for resisting arrest or obstructing a peace officer.

■ However, Quinn also was arrested for battery, and she claims that this arrest was improper as well. As noted previously, the state dropped the battery charge at trial, and Judge Gavin therefore did not have the opportunity to determine whether Quinn actually did commit a battery. Thus, this case is similar to *Hornung v. Village of Park Forest*, 634 F.Supp. 540 (N.D.Ill.1986) (Nordberg, J.), where the plaintiff had been convicted by the state court of resisting arrest, but acquitted on the underlying charge of assault. Judge Nordberg concluded that "this court cannot assume from the facts stated that a conviction for resisting a police officer necessarily litigated the validity of the underlying arrest for assault." *Id.* at 544. We similarly conclude that even though Quinn's false arrest claims relating to the resisting arrest and obstruction charges are barred, her claim relating to the battery charge is not.

### B. Malicious Prosecution

In her response to the officers' earlier motion to dismiss, Quinn indicated that she intended her complaint to state a claim for malicious prosecution under Section 1983. Unfortunately, the Seventh Circuit's law concerning the relationship between malicious prosecution and Section 1983 is in a state of disarray. At least one case, *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985), has held that "the common law tort of malicious prosecution does not give rise to a federal constitutional wrong remedied by 42 U.S.C. § 1983." *Friedman*, however, disregards—indeed, it does not cite—the court's earlier decision in

*Hampton v. Hanrahan,* 600 F.2d 600, 630 (7th Cir.1979), *rev'd in part on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), which held that an "action for malicious prosecution may be brought under Section 1983 if, acting under color of state law, the defendant has subjected the plaintiff to a deprivation of constitutional magnitude." At least two cases after *Friedman* suggest that *Hampton* is still good law, but in one the suggestion is mere dicta, *Kompare v. Stein,* 801 F.2d 883, 891 n. 9 (7th Cir.1986), and in the other the suggestion has been vacated by the Seventh Circuit's decision to hear the case *en banc, Easter House v. Felder,* 852 F.2d 901, 910 (7th Cir.), *vacated and rehearing en banc granted,* 861 F.2d 494 (7th Cir. 1988). A third, very recent case implies, in passing and without citing to *Hampton,* that malicious prosecution is actionable under Section 1983. *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir.1989). Dicta in two other cases, however, indicate that the continued validity of *Hampton,* or at least its validity in certain circumstances, is an open question. *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988); *Tarkowski v. County of Lake,* 775 F.2d 173, 174 (7th Cir.1985). Not one of these five cases, however, mentions *Friedman.*

■ We need not attempt to reconcile these cases here. It is clear that probable cause for arrest is an absolute bar to a Section 1983 claim for malicious prosecution, if such a claim exists. *Schertz,* at 582. As we concluded above, the officers did have probable cause to arrest Quinn for resisting arrest and obstruction, and a malicious prosecution claim on these charges is therefore barred. Moreover, with regard to the battery charge, we do not see how Quinn's malicious prosecution claim adds anything to her false arrest claim. If Quinn can show that she was unlawfully arrested, she would be entitled to the damages that would put her in the same position she would have occupied had the offi-

cers not arrested her, *see Patterson v. Portch,* 853 F.2d 1399, 1408 (7th Cir.1988), these including whatever damages flowed from her being charged with battery. Yet that is exactly what a claim for malicious prosecution would redress. Put another way, Quinn's allegations regarding false arrest and malicious prosecution do not constitute separate claims, but merely separate episodes in the same claim. Accordingly, we will grant summary judgment on Quinn's claim of malicious prosecution under Section 1983.

### III

### Section 1985(3)

■ The Seventh Circuit has described Section 1985(3) as "opaque," *Stevens v. Tillman,* 855 F.2d 394, 404 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1339, 103 L.Ed.2d 809 (1989), and neither side has designed to provide citations or even arguments which explain its application in this case. As we understand the officers' briefs, they contend that same analysis applied to the Section 1983 claim should also apply to the Section 1985(3) claim. That is not always true, *see Stevens,* 855 F.2d at 404 (Supreme Court's interpretation of Section 1985(3) does not duplicate that of Section 1983), but we conclude that it is true in this case.

The Seventh Circuit has identified three kinds of conduct that implicate Section 1985(3). Under the allegations of this case, only the first—racially motivated conspiracies to deprive persons of rights secured by federal law, *see id.*[3]—applies. However, since Section 1985(3) is violated only if the plaintiff is "deprived of having and exercising any right or privilege of a citizen of the United States," and since there is no right not to be arrested if there is probable cause, our conclusion that there was probable cause to arrest bars a Section 1985(3) claim based on the resisting arrest and obstruction charges.

---

**3.** The Seventh Circuit actually says "[r]acially motivated private conspiracies," but the use of "private" does not mean that Section 1985(3) will not apply if state actors like the police officers here, are involved. Rather, the court uses "private" to distinguish the first category of conduct reached by 1985(3) from the third, ra-

cially motivated conspiracies to deprive persons of rights secured against governmental action. In the third category, liability attaches only if the conspirators are state actors or seeking to influence the state to act in a prohibited way. *See Stevens,* 855 F.2d at 404.

By contrast, the right to arrest only with probable cause, *see e.g., Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985), is a right "secured to all by federal law," *see Stevens,* 855 F.2d at 404. Therefore, if the defendants conspired, based on racial animus, to arrest Quinn without probable cause on the battery charge, they would have violated Section 1985(3). Since the battery charge was dropped at trial in state court, we cannot say as the basis of the materials before us that there was not probable cause. We conclude that the police officers therefore are not entitled to summary judgment under 1985(3) on the battery charge.[4]

## IV

### Section 1981

■ The police officers do not address Quinn's Section 1981 claim here, perhaps because they believe Quinn dismissed it in response to their earlier motion to dismiss. This is not so; Quinn merely dismissed her thirteenth amendment claim alleged as a violation under Section 1981. The remainder of her Section 1981 claims still stands.

Despite the officers' silence on this matter, we can grant at least partial summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (noting district court's power to grant summary judgment *sua sponte*). In *Mendez v. Rutherford,* 687 F.Supp. 412, 416 (N.D.Ill.1988), we held that racially motivated beatings or racially motivated arrests or searches made in the absence of probable cause "easily fall within the wording of § 1981."[5] Applying our by now familiar analysis, Quinn's convictions for resisting arrest and obstruction contitute *prima facie* evidence that the arrests on these charges was with probable cause. Quinn's failure to rebut this *prima*

*facie* evidence makes summary judgment appropriate on the Section 1981 claim, but only to the extent that claim alleges false arrest for resisting arrest or obstruction.

## V

### Conclusion

For the reasons set forth above, summary judgment is granted against Quinn on Count I and II to the extent those counts state claims under 42 U.S.C. §§ 1981, 1983 or 1985(3) for false arrest with regard to Quinn's arrest for resisting arrest and obstructing a peace officer. Summary judgment is also granted against Quinn on Count I and II to the extent those counts state a claim for malicious prosecution. The remainder of the police officers' motion for summary judgment is denied. It is so ordered.

---

**4.** It is not clear, but the officers appear to believe that Quinn did not make her excessive force claim under Section 1985(3) but only under section 1983. This belief is unwarranted; paragraph 25 of Quinn's complaint alleges that "[a]cting in furtherance of this ... conspiracy, some or all of the Defendants did commit overt acts, including ... the unjustifiable beatings." Since the officers have not "point[ed] out" how or whether Quinn's evidence is deficient on this

matter, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), summary judgment is inappropriate.

**5.** Our language in *Mendez* was a little imprecise, and might be read to mean that a racially motivated beating with probable cause would not violate Section 1981. *See* 687 F.Supp. at 416. We disavow such a reading here.