**Marsha DRURY and Richard Drury, on behalf of themselves and all other persons and entities similarly situated, Plaintiffs,**

**v.**

**HORIZON SAVINGS BANK, F.S.B., and all other persons and entities similarly situated, Defendants.**

**No. 90 C 6610.**

United States District Court, N.D. Illinois, E.D.

April 17, 1991.

Larry D. Drury, Larry D. Drury, Ltd., Chicago, Ill., for plaintiffs.

Mitchell Ware, Robin P. Charleston, Delacy R. Peters, Jr., Jones, Ware & Grenard, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendant Horizon Savings Bank, F.S.B. ("Horizon") has moved to dismiss an action brought against it by plaintiffs Marsha Drury and Richard Drury (collectively "Drurys").[1] The Drurys challenge actions taken by Horizon pursuant to the Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.* For the reasons stated below, the court grants defendant Horizon's motion to dismiss.

## FACTS

Simply put, the Drurys are challenging the constitutionality of certain provisions of the Expedited Funds Availability Act ("Act"), 12 U.S.C. § 4001 *et seq.* The vehicle for their attack is this lawsuit against Horizon. In June 1988, the Drurys opened a checking account with Horizon. On Friday, June 8, 1990, Richard Drury wrote a tuition check for $404.00 on his Horizon account. On Monday, June 11, 1990, Marsha Drury deposited a check in the amount of $450.00, drawn on American National Bank, into Richard Drury's checking account. The $450.00 check deposited in the Drurys' Horizon account was paid to Horizon by American National Bank on June 12, 1990. On June 13, 1990 Horizon returned Richard Drury's $404.00 check because of insufficient funds. Horizon also assessed Richard Drury a $15.00 uncollected check charge.

---

**1.** Although the Drurys call this suit a class action, certification has not yet been sought or given. The Drurys also claim that defendant Horizon represents a class. *Contrary to what* plaintiffs might believe, they cannot, on their own initiative, designate Horizon as a representative of a class.

The Drurys' complaint consists of three counts containing substantially the same claims. The Drurys allege that Horizon did not pay out on Richard Drury's tuition check because it was "holding" the $450.00 check destined for the Drurys' account. Under 12 U.S.C. § 4002(c)(1)–(2), local checks may be held for a maximum of 2 business days following deposit before withdrawal and non-local checks may be held a maximum of 6 days following deposit before withdrawal if the funds were deposited before September 1, 1990.[2] The Drurys allege that this "holding" constitutes a deprivation of their property without due process of law in violation of the Fifth Amendment.

The Drurys additionally claim that this "holding" violates their equal protection rights under the Fifth Amendment. The Act makes reference to provisional credit which may be obtained by banks before depositor withdrawal is available. The Drurys claim that their inability to use these funds is a violation of the due process clause.

Latching onto a different provision of the Act, the Drurys make a further equal protection claim. Under Section 4005(a), holders of interest-bearing accounts accrue interest from the time that provisional credit is made available. The Drurys claim that the non-availability of funds for non-interest-bearing accounts at a time when interest is available for interest-bearing accounts is a violation of their equal protection rights.

Lastly, the Drurys challenge Sections 4010(a)(2)(B)(ii), 4010(b)(1)–(5) and 4010(c)(1)–(2) of the Act. These provisions set out limitations on class action and individual awards. The Drurys claim that the difference in these limitations constitutes a denial of equal protection in violation of the Fifth Amendment. The Drurys also attack the limits on bank liability included in these provisions as being a denial of equal protection.

As the remedy for all of these claims, the Drurys seek injunctive relief, declaratory judgment relief and an accounting of all funds and interest held by Horizon.

## ANALYSIS

### I. "Holding"

#### A. *Deprivation of Property Without Due Process*

■ The Drurys' first claim is that Horizon's "holding" of their check for the statutorily-approved period constitutes a deprivation of their property and a denial of their equal protection rights under the Fifth Amendment. In order for plaintiffs to proceed with a Fifth Amendment claim against Horizon, it must first be determined whether Horizon is a governmental actor. In these circumstances, Horizon can be considered a governmental actor since it acted at the behest of the government. The government may be "held responsible for a private decision ... when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982). The overt encouragement here was Congress' adoption of the Act. Horizon was acting under the authorization of the Act when it put a "hold" on Marsha Drury's check. Horizon's choice was made pursuant to a choice of the government. Should the bank have violated the Act, or not made that choice, it could have been prosecuted civilly. *See* 12 U.S.C. § 4010. The government, then, could be held responsible for Horizon's actions.

■ Next, the court must determine whether a taking occurred. The Drurys claim that they were deprived of their property, funds in the form of a check, without due process of law. The Drurys have adequately alleged that they had a legitimate entitlement to those funds. *Board of Re-*

---

**2.** 12 U.S.C. § 4007 allows this provision of the Act to be superseded by state law. However, the State of Illinois has declined to supersede. The "time periods after which deposits must be available for withdrawal shall be determined by the provisions of the federal Expedited Funds Availability Act ..." Ill.Rev.Stat. Ch. 26 ¶ 4–213(5) (1989).

*gents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). It was their check that was being held by Horizon. Marsha Drury withdrew funds from her account by writing a check and deposited the check in the account of her son, Richard Drury. Even this temporary delay, two days, could be actionable as a deprivation. *See Schroeder v. City of Chicago,* 927 F.2d 957, 959 (7th Cir.1991). To sustain their claim, though, the Drurys must show that there was no rational reason for the delay. "It is ... well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way." *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976). This burden the Drurys cannot meet.

The Drurys' conclusory claim that Horizon is profiting from "billions of dollars in [its] coffers ... in comparison to the minimal risks and loss, if any, incurred by defendant ... based upon the purported return of bad checks" is not sufficient to establish that the "hold" provision of the Act is irrational. *Complaint* at 4–5. The legislation under which Horizon was acting was passed by Congress after several years of study and committee hearings. The Act is designed to set a uniform schedule for the availability of funds. It attempts to strike a balance between the "banks' interest in avoiding fraud and consumers' interests in having speedy access to their funds." S.Rep.No. 100–19, 100th Cong., 1st Sess. 28, *reprinted in* 1987 U.S. Code Cong. & Admin. News 489, 518. The 2–6 day "hold" reflects the time necessary for a depository institution reasonably to expect to learn of non-payment. *Id.* at 556. Since plaintiffs have not adequately rebuffed these rational reasons for the delay in availability of funds, the court cannot find that a taking has occurred. Accordingly, the court finds no merit in the claim that "holding" under 12 U.S.C. § 4002 constitutes a taking.

**B. *Denial of Equal Protection of the Laws***

■ The Drurys also make an equal protection claim. They allege unequal treatment stemming from the practice which allows interest-bearing accounts to begin to accrue interest when banks receive provisional credit, but does not allow funds in non-interest-bearing accounts to become available for withdrawal. At the onset, it must be questioned whether the Drurys even have standing to assert this claim. They have not alleged that they possess a non-interest-bearing account; that is, an account subject to the unequal treatment they allege. The court, therefore, has no way of assessing whether the Drurys suffered injury in fact. "The exercise of judicial power ... is restricted to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 473, 102 S.Ct. 752, 759, 70 L.Ed.2d 700 (1982). Nor can the Drurys purport to represent those individuals and entities who possess accounts ineligible for the withdrawal of funds if the Drurys are not part of that group. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

Even if the court were to assume that the Drurys possessed a non-interest-bearing account, their equal protection claim would fail. Plaintiffs' allegations that classifications have been made between interest-bearing and non-interest-bearing accounts are illusory. The individuals or entities possessing interest-bearing accounts have no more of a right to withdraw funds deposited by check before the 2 or 6 day "hold" period than do individuals possessing non-interest-bearing accounts. Section 4005 merely allows interest to begin accruing on the day provisional credit is extended to banks. Those individuals possessing interest-bearing accounts receive the right

to earn money on the held funds, not the right to withdraw those funds. And, because the Drurys, as assumed here, have non-interest-bearing accounts, they cannot cry foul when they do not receive interest on their funds. The very nature of their accounts does not lend itself to interest accrual. Therefore, plaintiffs cannot claim a legitimate entitlement to interest on their funds. Accordingly, plaintiffs' equal protection claims are also found lacking in merit.

## II. Provisional Credit

■ The Drurys' second challenge involves the provision of credit to banks before funds are available for depositor withdrawal. *See* 12 U.S.C. § 4005(a). The Drurys claim that their inability to gain access to these funds constitutes a taking. To bring a takings suit, however, the Drurys must show a legal right of entitlement to the item of which they were allegedly deprived. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985). The Drurys have no individual claim to Horizon's provisional credit, even as depositors in the bank. The extension of provisional credit merely gives the bank the ability to *invest* funds. Without an entitlement, the Drurys cannot claim a taking of property. Therefore, this claim cannot be sustained.

## III. Limits on Class Actions

■ Lastly, the Drurys contest limitations on liability and class action recovery established by Section 4010 of the Act. This claim fails because the Drurys lack standing. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The provisions in Section 4010 which limit liability and class action recovery only apply to suits which allege that banks have failed to comply with the requirements of the Act. In this case, the Drurys are not claiming that Horizon did not comply with the statute. Rather, they are challenging the fact that Horizon *complied* with the statute. Since the Drurys are not bringing an action under the statute, they cannot be injured by the limits contained in the statute. Therefore, they lack the requisite personal injury to establish standing.

■ Nor would the recovery claims be ripe for adjudication. The Drurys have not yet reached that stage of the proceedings where they are able to challenge limitations on recovery. "[A] plaintiff does not have a vested property right under the due process clause of the Fifth Amendment in a mere claim for damages." *Jefferson Disposal Co., Inc. v. Parish of Jefferson, Louisiana*, 603 F.Supp. 1125, 1137 (E.D.La. 1985). A judgment may be a vested property right. *See Evans v. City of Chicago*, 689 F.2d 1286, 1296 (7th Cir.1982) ("Under Illinois law, a judgment becomes a vested right of property once it is no longer subject to review or modification."), *cert. denied,* — U.S. —, 110 S.Ct. 2560, 109 L.Ed.2d 742 (1990). But, the mere expectancy of a judgment is not sufficient. Until a court determines that they are entitled to judgment, the Drurys cannot contest limits on the judgment itself. This claim, then, lacks standing and ripeness.

## CONCLUSION

■ Since all of the Drurys' claims have been found meritless, they are dismissed. The class claims are dismissed as well. If the Drurys cannot sustain an action, they cannot act as representatives of a class seeking to raise the same claims. *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244 (7th Cir.1986). Accordingly, the court dismisses plaintiffs' suit with prejudice.

IT IS SO ORDERED.