**Dennis L. OLSON, Plaintiff-Appellant,**

v.

**Robert TYLER and O.J. Foster, Defendants-Appellees.**

**No. 86–1180.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1986.

Decided July 8, 1987.

Helen Zoellner, Kelly, Harman & Kelly, Ltd., LaCrosse, Wis., for plaintiff-appellant.

William T. Curran, Curran, Curran & Hollenbeck, S.C., Mauston, Wis., for defendants- appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and WILL, Senior District Judge.*

CUDAHY, Circuit Judge.

On August 6, 1982 an innocent man was arrested pursuant to a warrant issued upon probable cause. The innocent man—plaintiff-appellant Olson—then sued the chief of police—defendant-appellee Tyler—whose affidavit supplied the probable cause.[1] Olson alleged that Tyler violated Olson's civil rights by withholding material information from the affidavit. The jury returned a verdict in favor of Tyler, and Olson now appeals. We affirm.

## I.

Tyler was the chief of police of Elroy, Wisconsin, a town of 1,500 people. During the spring and summer of 1982, Tyler conducted an undercover drug investigation in Elroy with the help of some paid informants. One such informant was Linda Jorgenson, who received $50 for each drug purchase that she reported to Tyler.

Olson was a long-time resident of Elroy. During most of 1982 he worked in Elroy in his father's construction business and as a part-time bartender at Kaz's Bar. On June 19, 1982, Jorgenson went to Kaz's Bar and purchased some hashish from "the bartender." A friend of Jorgenson who accompanied her to Kaz's Bar that evening identified the bartender as Olson. Jorgenson reported the buy to Tyler, and, based on her report, Tyler eventually obtained an arrest warrant charging Olson with the sale of a controlled substance. (Six weeks elapsed between the reported buy and the issuance of the warrant; the delay presumably permitted the undercover investigation to continue.)

In fact, however, Olson was innocent of the charge. Everyone agrees about this because Olson was in jail 40 miles away from Elroy on June 19, 1982. There is also no dispute that, on its face, the affidavit supporting the warrant provided probable cause to arrest Olson for the June 19 sale. In general, if probable cause supports an arrest warrant, an arrest pursuant to that warrant is valid even if events later prove the charges inaccurate, as we held in our earlier opinion in this case. *Olson v. Tyler,* 771 F.2d 277, 280–81 (7th Cir.1985); *see Friedman v. Village of Skokie,* 763 F.2d 236 (7th Cir.1985). In the present case, however, Olson claims that Tyler knew or

---

* The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. Olson also sued several other individuals, but he appeals only the judgment entered in favor of Tyler.

should have known that Olson was in jail on June 19 but sought the arrest warrant regardless. In addition, Olson claims that Tyler purposefully withheld from the affidavit supporting the warrant the fact that it was an unnamed, unreliable informant (rather than Jorgenson) who identified the bartender as Olson. These claims are relevant because, if an officer seeking a warrant purposefully or recklessly withholds facts that could negate probable cause, the officer may be liable for violating the victim's civil rights. *See Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1977); *Olson,* 771 F.2d at 280–81 (applying *Franks* to omission of facts while seeking arrest warrant); *Leslie v. Ingram,* 786 F.2d 1533, 1535 (11th Cir.1986).

On appeal Olson essentially raises two challenges to the adverse judgment entered by the district court. First, Olson contends that the jury was improperly instructed regarding the sort of conduct by Tyler that would constitute reckless disregard for the truth. Second, Olson argues that, as a matter of law, Tyler's conduct constituted reckless disregard for the truth and violated Olson's civil rights.

## II.

### A. Jury Instructions

■ The jury answered "No" to the following special verdict interrogatory:

Did the defendant, Robert Tyler, intentionally or with reckless disregard violate the constitutional rights of plaintiff, Dennis L. Olson, by obtaining a warrant for his arrest?

Pursuant to Federal Rule of Civil Procedure 59, Olson filed a post-trial motion to amend the judgment or in the alternative for a new trial, which the district court denied. On appeal, Olson contends that the jury instruction defining "reckless disregard for the truth" was improper and led to an erroneous verdict. Specifically, Ol-

son contends that the following instruction was inadequate:

Negligence or innocent mistake alone is not sufficient to prove reckless disregard for the truth....

. . . .

[You may find the defendant liable] if you determine that the defendant Tyler acted in reckless disregard for the truth with respect to the information presented to the judge who issued the warrant. A person acts in reckless disregard for the truth when he in fact entertains serious doubts as to the truth of his statements. You may infer reckless disregard for the truth when there are obvious reasons to doubt the veracity of the allegations made by the defendant.

Tr. at 14 (10:30 a.m. Dec. 3, 1985). However, despite extensive jury instruction conferences, Olson failed to object specifically to the language of the instruction and state the grounds of his objection, as required by Federal Rule of Civil Procedure 51. Olson did not specifically challenge this definition of "reckless disregard" and did not propose an alternative definition of the phrase. *See* Plaintiff's Proposed Jury Instructions 23. Rule 51 therefore prohibits Olson from claiming as error this portion of the instructions. *See Strauss v. Stratojac Corp.,* 810 F.2d 679, 687 (7th Cir.1987); *Thor Power Tool Co. v. Weintraub,* 791 F.2d 579, 584 (7th Cir.1986); *Spanish Action Comm. v. City of Chicago,* 766 F.2d 315, 319 (7th Cir.1985) (Rule 51 is relaxed "rarely and only in exceptional cases").[2]

■ Moreover, it is clear that, taken as a whole, substantial evidence in the case permitted the jury to conclude that Tyler did not actually know that Olson was incarcerated on June 19, 1982, and that Tyler did not show reckless disregard for such information. Olson did present evidence that he informed Tyler of his imminent ten-day jail sentence (for traffic offenses), as well as evidence that Tyler offered his assistance in modifying the jail sentence so Olson could serve time in the Elroy area. And

**2.** Olson did challenge the court's instruction defining "negligence"—which the jury was instructed was insufficient to establish liability— but Olson failed to challenge specifically the court's instruction concerning what constitutes knowledge of or reckless disregard for a fact.

Olson's mother testified that she called Tyler twice on June 16 to solicit his help in getting Olson transferred to a local jail. But Tyler, on the other hand, testified that his conversation with Olson was a brief, informal discussion early in June, and that when Olson's mother called asking for a personal favor, he treated it very casually. Neither conversation involved official police business. Tyler testified that he simply forgot or never knew that Olson was in jail on June 19 because of the informality of his conversation with Olson, because he was extraordinarily busy at the time covering for the only other police officer in Elroy and because he simply depended upon the proven reliability of Jorgenson's information. Given, *inter alia,* the substantial evidence supporting the jury's conclusion, we see no reason to overlook Olson's waiver of objection through his failure to offer a different instruction on reckless disregard; this is not an "exceptional" case justifying a relaxation of Rule 51. *See Spanish Action Comm.,* 766 F.2d at 319.[3]

### B. Tyler's Conduct

■ Olson contends that, as a matter of law, Tyler violated Olson's civil rights by withholding certain information from the sworn statement supporting the arrest warrant. Olson relies on two separate facts to support this contention: first, the fact that he was in jail on June 19, and second, the fact that Tyler knew that it was an "unreliable" informant who identified the bartender as Olson. Olson's first factual hypothesis, however, is contradicted by the jury verdict. The jury must have concluded that Tyler neither knew nor

showed reckless disregard for the fact that Olson was in jail on June 19, because it answered the special verdict interrogatory "No." The evidence adequately supports the jury's implicit finding that Tyler did not know or show reckless disregard for the crucial fact. Thus, we do not face the stark question whether an officer violates a suspect's rights by seeking a warrant for an arrest while withholding from the magistrate the fact that the suspect was actually in custody during the alleged wrongdoings.

Olson's second factual hypothesis raises the more difficult question whether Olson's rights were violated by Tyler's omitting from his affidavit the fact that an "unreliable" informant identified Olson. There is no factual dispute here because Tyler several times testified that he knew it was Jorgenson's friend rather than Jorgenson who identified the bartender as Olson. *See, e.g.,* Tr. at 28, 39–43 (3:50 p.m. Dec. 2, 1985). It is also beyond question that Tyler's signed statement supporting the warrant did not reveal this fact.[4] On appeal Olson suggests, without argument or citation, that if the affidavit supporting the warrant had included the fact that it was a friend of Jorgenson who actually identified the bartender as Olson, probable cause would have been vitiated. Olson contends that this omission, causing his arrest, resulted in a violation of his fourth and fourteenth amendment rights, for which Tyler is liable. *See* Olson Brief at 13, 17–18, 19. Nonetheless, Olson never moved for a summary judgment, directed verdict or judgment notwithstanding the verdict asserting

---

3. We need not assess the merits of the court's definition of reckless disregard in the jury instructions.

4. Tyler filed a criminal complaint to support the arrest warrant. In this sworn statement Tyler stated:

Affiant is Chief of Police for the City of Elroy and employed confidential Agent [Jorgenson] who has supplied reliable information in the past. [Jorgenson] gave affiant the following statement.

On 6–19–82 [Jorgenson] was in Kaz's Bar in the City of Elroy and defendant asked [Jorgenson] if she wanted to buy some "hash." [Jorgenson] stated "yes" and defendant left

the bar area, went upstairs and returned with a quantity of alleged hashish. Defendant sold the substance to [Jorgenson] for $30.00. Affiant tested the substance which revealed the presence of controlled substance.

Plaintiff's Exh. 3. Thus Olson could easily have met the "substantial preliminary showing" required to overcome the presumption that a warrant application is valid, if Olson had shown that the omission was relevant. *Cf. Perlman v. City of Chicago,* 801 F.2d 262, 264 (7th Cir.1986) (applying the "substantial preliminary showing" requirement to civil cases), *cert. denied,* —— U.S. ——, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987).

that these undisputed facts amounted to a violation of his right to be free from unlawful arrest. Nor did Olson submit jury instructions addressing this particular issue.

Olson's utter failure specifically to pursue this issue counsels against our reversing a jury verdict on these grounds. *Cf. National Advertising Co. v. City of Rolling Meadows*, 789 F.2d 571, 574 (7th Cir. 1986); *United States v. Medico Indus., Inc.*, 784 F.2d 840, 844 (7th Cir.1986); *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir.1986). Olson does not suggest any unusual circumstances to explain his complete failure to press this contention until after the verdict was reached and judgment entered. And we cannot agree with Olson's argument that the district court abused its discretion in denying Olson's Rule 59 motion for reconsideration after the verdict. Olson has suggested no persuasive reason why the jury verdict should be reversed on this account. Hence, we reject Olson's appeal based on Tyler's omission from the affidavit of the fact that Olson was identified by an informant not known to be "reliable."

We therefore need not decide the difficult legal question whether, under all the circumstances, Tyler's omissions served to create probable cause where it otherwise would have been lacking. *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). On the one hand, in seeking an arrest warrant, the proper identification of an alleged lawbreaker is undoubtedly a crucial fact. And in this case the affidavit was barren of the facts establishing how Olson was identified as the bartender. On the other hand, it might be unreasonable to require that the ultimate source of every fact stated in a warrant be spelled out in detail without any reliance on secondary sources or background knowledge.

In the present case, several factors omitted from the warrant application might have provided probable cause to believe that Olson was the bartender: a long-time Elroy resident identified the bartender (although another resident—Jorgenson—failed to); Tyler knew Olson worked at Kaz's Bar as a bartender; and Tyler knew that Jorgenson's description of the bartender's appearance was consistent with Olson's appearance. Of course, hindsight makes it easier to question whether these facts add up to probable cause to arrest Olson for selling hashish at Kaz's Bar. But we need not answer this question in this case, because Olson did not adequately preserve the issue in the district court.[5]

Nonetheless, the issue is somewhat troubling. Tyler omitted arguably relevant facts from an affidavit seeking an arrest warrant. The Supreme Court has recently lent support to the notion that qualified immunity under section 1983 may be equated with the good-faith exception to the exclusionary rule in the context of arrest and search warrants. *See Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Malley* the Court applied the "objective reasonableness" standard of *Leon* to measure a police officer's conduct in seeking an arrest warrant. The Court held that, if an officer seeks a warrant with an application that such an officer could not reasonably believe established probable cause, the officer loses qualified immunity and may be liable for causing an unlawful arrest. 106 S.Ct. at 1098. However, both *Malley* and *Leon* were premised on the circumstance that a magistrate or judicial officer would weigh the facts to determine whether probable cause existed. Neither case dealt specifically with the question of potential liability for *withholding* information from a magistrate or judicial officer.[6]

---

5. We also need not decide the question whether a § 1983 plaintiff must prove, in order to recover damages, that a particular omission from a warrant application would have vitiated probable cause. It is at least arguable that, even if a court later determines that the omission did not undermine the probable cause determination, an officer who knowingly (or recklessly) omits facts that a reasonable officer would have provided in the warrant application may thereby violate the arrestee's civil rights.

6. Similarly, two recent cases from this circuit upholding dismissals of § 1983 suits alleging false arrests deal only with liability for the execution of warrants and subsequent incarcerations, not with liability for misleading a magistrate or judicial officer. *See Patton v. Przybyl-*

Of course, a police officer who is objectively reasonable in seeking a warrant based on *truthful* and *complete* information is shielded from liability. But this standard does not neatly fit a situation where a police officer knowingly omits from a warrant application facts that tend to negate probable cause. Here the judicial officer making the probable cause determination was deprived of facts that might be important. And only where a reasonable officer can conclude that a withheld fact is irrelevant to probable cause should such an officer who withholds a known (or recklessly disregarded) fact be protected with qualified immunity. Obviously, the better course in doubtful cases is to disclose. In any event because of waiver we need not explore further here the relevance of the facts withheld.

The district court judgment is

AFFIRMED.

*ski,* 822 F.2d 697 (7th Cir.1987); *Brown v. Patterson,* 823 F.2d 167 (7th Cir.1987). *But see Patton,* at 701–02 (Ripple, J., dissenting) (suggesting that "willful malfeasance … which resulted in an *eight day incarceration* before the [arrested] citizen was brought before a magistrate" could support § 1983 claim) (emphasis in original).

