26 F.3d 139
 31 U.S.P.Q.2d 1513
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DURABLE INC., Plaintiff-Appellant,
v.
PACKAGING CORPORATION OF AMERICA, Reynolds Metals Company,
and Handi-Foil Corp., Defendants-Appellees.
 No. 93-1277.
 United States Court of Appeals, Federal Circuit.
 April 18, 1994.
 
 Before RICH and LOURIE, Circuit Judges, and MESKILL, Senior Circuit Judge.*
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Durable Inc. (Durable) appeals that part of the February 16, 1993, decision of the United States District Court for the Northern District of Illinois, holding that none of claims 17-20 of United States Patent No. Re. 33,397 (Anders Patent) was infringed by Handi-Foil Corp. (Handi-Foil), Packaging Corporation of America (PCA), or Reynolds Metals Company (Reynolds). For the reasons discussed below, we affirm.
 
 DISCUSSION
 I. Background
 A. Claimed Invention
 
 2
 The Anders patent is directed to disposable aluminum oven pans having handles. Fig. 1 of the Anders patent, which illustrates a pan according to the claimed invention, is set forth below together with Fig. 2, which illustrates a preferred method of fastening the handles to the pan:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 4
 Claim 17 of the Anders patent, the only independent claim at issue, reads as follows, the numerals in brackets referring to elements illustrated in Figs. 1 and 2:
 
 An oven pan which comprises:
 
 5
 a disposable stamped aluminum pan structure having a bottom , side walls [14, 16, 18, 20] and a rim at the periphery of the side walls;
 
 
 6
 a first handle fastened to the rim at a first location [30, 32] thereof;
 
 
 7
 first means fastening said first handle to the rim;
 
 
 8
 a second handle fastened to the rim at a second location thereof, opposed to said first location;
 
 
 9
 second means fastening said second handle to the rim; and
 
 
 10
 support means extending from said first handle to said second handle and attached thereto and underlying the bottom of the pan.[1] [Emphasis added.]
 
 
 11
 The Anders patent discloses that the means fastening the handles to the rim of the pan are preferably rivets, as shown in Fig. 2. The Anders patent also discloses that other fastening means, such as crimping or adhesive means, may be used if desired. Anders Patent, at column 2, lines 58-63.
 
 B. Accused Pans
 
 12
 Illustrations of the three aluminum pans alleged to infringe claims 17-20 are provided below:
 
 
 13
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 14
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 15
 As is evident, the handles in each of the accused pans are not fastened directly to the rim of the pan. In the Handi-Foil and PCA structures, the handles are integral with underlying support wires, which are in turn attached to a lateral cross-piece (i.e., running perpendicular to the underlying support wires). It is the lateral cross-piece, not the handles, which is attached to the rim in these pans. In Reynolds' two-piece unit having a removable reusable rack, the handles are part of the removable rack and are not fastened to the rim at all. Rather, the rack is removably connected to the pan by way of a clamp-like member.
 
 II. Analysis
 A. Jury Instructions
 
 16
 Durable contends that the jury's special verdicts and the district court's corresponding judgment holding claims 17-20 non-infringed are the result of faulty jury instructions.[2] Durable argues that the district court provided misleading jury instructions regarding the manner in which "means" clauses in a combination claim are to be interpreted, by allegedly paraphrasing incorrectly language recited in Valmont Indus., Inc. v. Reinke Mfg. Co., 983 F.2d 1039, 25 USPQ2d 1451 (Fed.Cir.1993). Durable also argues that the district court erred by refusing to give a jury instruction that Durable requested regarding the doctrine of claim differentiation.
 
 
 17
 For Durable to prevail on this issue, Durable must establish that "the jury instructions read in their entirety were incorrect or incomplete as given." Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 854, 20 USPQ2d 1252, 1255 (Fed.Cir.1991). As to Durable's assertion regarding its suggested claim differentiation instruction, Durable has the additional burden of showing that the suggested instruction would have cured the errors, if any, in the instructions given. Id.
 
 
 18
 The district court provided the jury with both verbal instructions and corresponding written instructions to use during jury deliberations. Having reviewed both sets of these instructions in their entirety, we find the instructions provided to the jury, as a whole, to be legally correct and sufficiently comprehensive to address the infringement issue with which the jury was presented in this case.
 
 
 19
 (1)
 
 
 20
 In particular, contrary to Durable's assertions, we find no error in the district court's instructions regarding the interpretation of "means" clauses in a combination claim. The district court instructed the jury that such "means" clauses must be interpreted to cover the structure disclosed in the specification as corresponding to that "means" clause, as well as equivalents thereof. This instruction clearly finds support in 35 U.S.C. Sec. 112, paragraph six. Durable's objection, however, is directed to the district court's explanatory instruction that an "equivalent" under section 112 is one that "functions identically and is merely an insubstantial change that adds nothing of significance to the device disclosed in the figures and specification."
 
 
 21
 The record demonstrates that the district court adopted the objected to language in view of language found in this court's Valmont opinion. Valmont, 983 F.2d at 1043, 25 USPQ2d at 1455 ("In the context of section 112, however, an equivalent results from an insubstantial change which adds nothing of significance to the structure, material or acts disclosed in the patent specification."). Despite Durable's suggestions to the contrary, the district court did not incorrectly paraphrase Valmont, and we fail to see any legal error in the district court's reliance in this case upon language found in one of this court's own opinions.
 
 
 22
 (2)
 
 
 23
 We also find no error in the district court's refusal to give Durable's requested jury instruction regarding the doctrine of claim differentiation. Durable's requested instruction read:
 
 
 24
 An accused infringer cannot escape infringement by trying to read narrow claim limitations from a narrow claim into a broader claim. For example, narrow claim 21 requires that the handles be U-shaped and that the handles be fastened to the rim at the ends of the U. Claim 17, which is broader, does not recite this specific construction. You should not construe claim 17 to require this specific construction.
 
 
 25
 During trial, appellees argued that each of their accused pans differed from the claimed structure in that, by use of the language "fastened to the rim," claim 17 requires that the handle be attached directly to the rim of the pan. Durable argued that, even though Anders' illustrative embodiment shows the handles directly fastened to the rim of the pan, and even though Durable's own commercial embodiment uses such direct fastening, such direct fastening is not required in claim 17. Durable contends to this court that, if the jury had been instructed about the doctrine of claim differentiation, it necessarily would have interpreted claim 17 as not requiring direct fastening given that claim 21 allegedly does require such direct fastening.[3]
 
 
 26
 As discussed previously, a district court is under no obligation to give a requested jury instruction, so long as the instructions that are provided are sufficient as a whole, which they were in this case. Even so, the district court properly rejected the requested instruction as being confusing and unnecessary. Despite Durable's contentions, claim differentiation is a non-issue in this case, as the jury did not need to engage in claim differentiation to resolve the infringement question with which it was presented. In addition, Durable's claim differentiation theory is based on a selective reading of non-asserted claim 21, in that claim 21 contains many limitations not found in claim 17 other than the manner in which the handles are fastened to the rim. Moreover, the fact that claim 21 uses different language than claim 17 to describe the relationship of the handles to the rim of the pan does not necessarily lead to the conclusion that the same type of relationship is not being claimed in both cases. Under the facts of this case, Durable's suggested instruction would have served no other purpose than to confuse the jury.[4]
 
 
 27
 (3)
 
 
 28
 Notwithstanding the foregoing, Durable has failed to persuade us that any prejudicial legal error occurred even if the district court's instructions were lacking in some regard.
 
 
 29
 The dispute in this case centers on what is meant by the language in claim 17 reciting "means fastening said first [or second] handle to the rim at a first [or second] location." Claim construction is a question of law. Kalman v. Kimberly-Clark Corp., 713 F.2d 760, 771, 218 USPQ 781, 789 (Fed.Cir.), cert. denied, 465 U.S. 1026 (1984). To ascertain the intended meaning of disputed claim language, one examines the claims themselves, the specification, and the prosecution history. C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc., 911 F.2d 670, 673, 15 USPQ2d 1540, 1543 (Fed.Cir.1990); Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 866-67, 228 USPQ 90, 93 (Fed.Cir.1985).
 
 
 30
 We interpret the "means fastening" language in claim 17 as meaning that the handle must be directly attached to the rim of the oven pan. The specification of the Anders patent discloses that the "means fastening" the handles to the rim of the pan are preferably rivets, but may be some other fastening means, such as crimping or adhesive means. Each of these would directly attach the handle to the rim of the pan. Moreover, claim 17 also states specifically that the handles are "fastened to the rim," and in common use, "fastened" means "attached to" or "connected to."[5] Consequently, because claim 17 requires that the handles be fastened to the rim, the jury's finding that none of the accused pans infringed any of the claims at issue was correct, even if the instructions with which they were provided were lacking in some manner.
 
 B. Admission of Evidence
 
 31
 Durable also contends that the district court erred in allowing the jury to learn about U.S. Patent No. 4,852,760 (Sarnoff patent), U.S. Patent No. 5,029,721 (Timpe patent), and allowed U.S. Design Patent Application No. 07687 (Bertelsen application), which are directed to the allegedly infringing pans manufactured, respectively, by Handi-Foil, PCA, and Reynolds. Durable argues that appellees asserted at trial that the fact that the accused pans were patented showed that these structures could not be "merely an insubstantial change that adds nothing of significance to the device." Durable reasons that the jury should not have been made aware of these documents, and that they should not have been admitted into evidence, because knowledge of these patents coupled with the alleged improper "means" instruction led the jury to an erroneous conclusion.[6]
 
 
 32
 Durable has failed to establish that the district court abused its discretion in admitting into evidence the documents at issue. See Littlefield v. McGuffey, 954 F.2d 1337, 1342 (7th Cir.1992). Durable initially filed a motion in limine, which the district court denied, requesting that appellees be ordered not to mention or refer to any patents or patent applications that they owned relating to the accused pans. Durable did not mention the Bertelsen application specifically in its motion in limine, and it was barely referred to at all during trial. Moreover, Durable has failed to persuade us that knowledge of the Bertelsen application led the jury to reach any erroneous conclusions, especially given that we do not share Durable's view of the district court's jury instructions. We therefore agree with appellees that the introduction of the Bertelsen application to the jury was a non-event.
 
 
 33
 As to the Sarnoff and Timpe patents, which were mentioned in the motion in limine, each were prosecution history references during the reexamination of the patent in suit, and it is nonsensical to suggest that the jury should not be allowed to view prosecution history references. Furthermore, after Durable's unsuccessful attempt to exclude these patents in limine, Durable was in fact the one who first brought them to the jury's attention, initially during opening argument and then in the course of the testimony of its expert Bushnell. Handi-Foil and PCA did not elicit testimony regarding these patents until after Durable had brought them to the jury's attention. In addition, we can see no error in the district court's reasoning in its denial of Durable's motion that these patents might be pertinent to the issues of willful infringement in this case from the standpoint of "design-around" efforts. See Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Shubert & Salzer Machinenfabrik AG, 829 F.2d 1075, 1084, 4 USPQ2d 1044, 1051 (Fed.Cir.1987).
 
 
 34
 Finally, any possible confusion as to the significance of the objected to documents was eliminated when the court specifically instructed the jury that (1) "[a]n accused device cannot escape infringement by merely adding elements, so long as it otherwise incorporates all elements of the claim," and (2) "[e]ven though an accused device is patented, it may still infringe the Anders reissue patent."
 
 
 
 *
 The Honorable Thomas J. Meskill of the United States Court of Appeals for the Second Circuit sitting by designation
 
 
 [1]
 Dependent claims 18-20 read:
 
 
 [18]
 An oven pan as described in claim 17, said stamped aluminum pan having a thickness of between 0.003 inch and 0.005 inch
 
 
 [19]
 An oven pan as described in claim 17, said support means comprising a pair of wires formed to extend adjacent the outside of the side walls and under and adjacent the bottom of the pan
 
 
 [20]
 An oven pan as described in claim 19, in which said wires are formed of steel and have a circular cross-sectional configuration
 
 
 [2]
 Appellees argue that Durable failed to preserve its objections regarding the jury instructions for appeal, as required by Fed.R.Civ.P. 51, because it failed to object formally and state specifically the bases for objection that it ultimately asserted on appeal. Appellees argue that, pursuant to Lummus Indus., Inc. v. D.M. & E. Corp., 862 F.2d 267, 270, 8 USPQ2d 1983, 1985 (Fed.Cir.1988), the law of the Seventh Circuit controls over this issue, and under that law, failure to comply strictly with Rule 51 waives an appealed issue even if the issue was generally alluded to before the district court or supplemented before the appellate court, citing Olson v. Tyler, 825 F.2d 1116, 1118 (7th Cir.1987). Appellees admit, however, that Durable did object specifically to the district court's repetition of the section 112, paragraph six, "equivalents" instruction. Durable argues that its arguments to the court were sufficient to preserve all of the issues that it raises on appeal, even if it didn't make official objections in each case. We need not decide whether Durable technically preserved these issues for appeal, given that, for the reasons set forth herein, no error occurred in any event
 
 
 [3]
 Claim 21 reads:
 An oven pan, which comprises:
 a disposable stamped aluminum pan structure having a bottom, side walls and a rim at the periphery of the side walls, said stamped aluminum having a thickness of between 0.003 inch and 0.005 inch;
 a first handle having a generally U-shape and fastened to the rim at a first location thereof;
 first means fastening said first handle at the ends of the U to the rim;
 a second handle having a generally U-shape and fastened to the rim at a second location thereof, opposed to said first location;
 second means fastening said second handle at the ends of the U to the rim; and
 support means extending from said first handle to said second handle and attached thereto and underlying the bottom of said pan,
 said support means comprising a pair of wires formed to extend adjacent the outside of the side walls and under and adjacent the bottom of the pan; and
 said handles and said support means being formed of steel.
 
 
 [4]
 Even so, even if the doctrine of claim differentiation were relevant, the district court instructed the jury to "consider the testimony of expert witnesses" in the event that there was "a dispute between the parties over how words in a claim should be interpreted," and Handi-Foil's expert Ryther explained generally the relationship between the doctrine of claim differentiation and the issue of claim interpretation, and, in doing so, explained why claim differentiation was a non-issue in this case. The district court also instructed the jury to consider the "other claims" when interpreting the claims at issue. Thus, the jury was informed generally about the doctrine of claim differentiation; it simply did not receive a specific instruction in this regard
 
 
 [5]
 For example, The Random House Dictionary of the English Language (1973) defines "fasten" as meaning "to attach firmly or securely in place; fix securely to something else." It also provides the following synonyms for "fasten": attach, connect, link, hook, clasp, clinch, rivet, clamp, bind tie, and tether
 
 
 [6]
 Appellees argue that Durable failed to preserve for appeal its arguments regarding the admission of these documents, because a motion in limine does not save an issue for appeal and Durable never renewed its objection to these documents at trial. See Littlefield v. McGuffey, 954 F.2d 1337, 1342-43 (7th Cir.1992) (a pretrial motion does not preserve the issue for appeal without the requisite objection at trial). We need not resolve this issue because, as explained herein, Durable's appeal of this issue is without merit in any event