**John A. SHEA, Plaintiff–Appellant,**

v.

**John C. MUENSTERMAN, Defendant–Appellee.**

**No. 00–2707.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 31, 2001.

Decided Feb. 6, 2001.

Before Hon. BAUER, Hon. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.

ORDER

John Shea filed suit under 42 U.S.C. § 1983 alleging that Illinois State Police Sergeant John Muensterman violated the Fourth Amendment in obtaining a warrant for Shea's arrest for marijuana production. Specifically, Shea alleges that Muensterman did not have probable cause to apply for the warrant and failed to reveal to the judge who issued the warrant evidence tending to negate probable cause. The district court granted Muensterman's motion to dismiss on qualified immunity grounds and Shea appeals. We affirm.

On September 8, 1998, police officers flying over Shea's 217–acre farm in Gallatin County, Illinois spotted marijuana

plants on Shea's land. A consensual search of Shea's property by Muensterman and other officers revealed 102 marijuana plants. The plants were between four and eight feet tall, 27 of them had numbered stakes next to them, and there were no weeds around the base of many of the plants. After obtaining a search warrant, the officers searched all of the buildings and vehicles on Shea's property, but no items were seized. Muensterman and the local State's Attorney then obtained an arrest warrant from Circuit Judge Robert Sutton by filing an Information charging Shea with knowingly and unlawfully producing over 50 cannabis sativa plants, *see* 720 ILCS 55⅝(d). After Shea was arrested, he posted a $7,500 bond in order to obtain release. At a November 1998 preliminary hearing, Judge Sutton dismissed the charges against Shea, finding probable cause lacking.

Shea filed suit in September 1999, alleging Muensterman violated his Fourth Amendment rights by filing an Information for an arrest warrant without probable cause and by failing to inform Judge Sutton of evidence that Shea believes demonstrates a lack of probable cause. The district court dismissed Shea's complaint, holding that Muensterman was entitled to qualified immunity because probable cause for the arrest existed.

 Shea's suit is meritless because probable cause for his arrest clearly existed. Probable cause exists when the totality of the circumstances, viewed in a common sense manner, demonstrates a probability that criminal activity occurred. *See United States v. Sawyer,* 224 F.3d 675, 678–79 (7th Cir.2000). In this case, Muensterman knew that 102 marijuana plants were located on Shea's property, many of the plants showed signs of cultivation, and some of the plants (which were four- to eight-feet tall) were within

50 feet of his backyard. Furthermore, contrary to Shea's assertions, probable cause is not vitiated in this case by the fact that a search of the vehicles and buildings on Shea's property revealed nothing linking Shea to the marijuana plants, that there were no paths leading from his backyard to the plants, that the plants could not be seen from his backyard, and that he consented to the search of his property and denied knowledge of the plants. These facts merely go to Shea's mental state, and this court has repeatedly held that it is up to the courts, not police officers, to determine a suspect's mental state. *See Marks v. Carmody,* 234 F.3d 1006, 1009 (7th Cir.2000); *Neiman v. Keane,* 232 F.3d 577 (7th Cir. 2000); *Hebron v. Touhy,* 18 F.3d 421, 423 (7th Cir.1994). Furthermore, officers are not required to investigate claims of innocence and proffered defenses in making probable cause determinations. *See Marks,* 234 F.3d at 1009; *Kelley v. Myler,* 149 F.3d 641, 646 (7th Cir.1998). Finally, even though Shea's claims regarding his lack of knowledge of the plants could perhaps suggest his innocence, they could also suggest that he was merely good at covering his tracks or that he was allowing other people to grow the plants on his land. Therefore, the totality of the circumstances allows for a reasonable belief that Shea was committing criminal activity. With probable cause established, Shea has no claim based on the alleged omission of facts from Muensterman's affidavit. Furthermore, Shea's claim that Muensterman improperly applied for an arrest warrant without having probable cause similarly fails.

For the foregoing reasons, we AFFIRM the dismissal of Shea's case.